[Civ. No. 32995. First Dist., Div. Four. May 17, 1974.]

CLAUDE WILSON, Plaintiff and Respondent, v.
STATE PERSONNEL BOARD et al., Defendants and Appellants.

COUNSEL

Evelle J. Younger, Attorney General, and John E. Barsell, Jr., Deputy Attorney General, for Defendants and Appellants.

Allen R. Link, Loren E. McMaster and Michael D. Stump for Plaintiff and Respondent.

## OPINION

**CHRISTIAN, J.**—The State Personnel Board and the Director of the Department of Human Resources Development have appealed from a judgment directing issuance of a writ of mandate to vacate an order of the board which dismissed respondent Claude Wilson from his position as a civil service employee of the department.

The facts are not in dispute. Respondent, who was then unemployed, collected unemployment compensation during late 1969 and early 1970. During three weeks in April and May 1970, respondent continued to collect his full unemployment compensation although by then he had obtained part-time employment. Respondent did not report his employment to the department; consequently, respondent was charged with violation of section 2101 of the Unemployment Insurance Code, a misdemeanor. He pleaded guilty and was admitted to six months' probation on condition that he pay a fine and penalty assessment; he made restitution as ordered.

After respondent had ceased receiving unemployment compensation, he was employed by the department to assist unemployed people in obtaining training and employment. When respondent's criminal involvement became known, the department commenced proceedings before the board for respondent's dismissal under Government Code section 19572. The department's notice of punitive action specified that dismissal was sought because of respondent's dishonesty and his conviction of a misdemeanor involving moral turpitude. The board's hearing examiner received evidence that respondent was an outstanding employee and that his immediate supervisors recommended his retention; nevertheless, the examiner recommended dismissal upon the sole ground that respondent had sustained a misdemeanor conviction involving moral turpitude. The board adopted the examiner's findings of fact and his proposed decision.

The factual determinations of the board are binding on the superior court and on this court if supported by substantial evidence. (*Gee* v.

*California State Personnel Bd.* (1970) 5 Cal.App.3d 713, 717 [85 Cal. Rptr. 762]. See also *Neely* v. *California State Personnel Bd.* (1965) 237 Cal.App.2d 487, 489 [47 Cal.Rptr. 64].)

█ Punitive action, including dismissal, may be taken against state employees for any cause specified in Government Code section 19572; conviction of a misdemeanor involving moral turpitude is among the specified causes. (See Gov. Code, § 19572, subd. (k).) Whether a crime involves moral turpitude is a question of law. (*Otash* v. *Bureau of Private Investigators* (1964) 230 Cal.App.2d 568, 571 [41 Cal.Rptr. 263].) █ Moral turpitude includes fraud; a crime in which an intent to defraud is an element is a crime involving moral turpitude. (*Ibid.*) Violation of section 2101 of the Unemployment Insurance Code involves both intent to defraud and a false statement made for the purpose of perpetrating the fraud. (*People* v. *Lustman* (1970) 13 Cal.App.3d 278, 286 [91 Cal.Rptr. 548], cert. den. 405 U.S. 932 [30 L.Ed.2d 807, 92 S.Ct. 989].) Therefore, section 2101 defines a crime involving moral turpitude.

█ Respondent urges and the trial court concluded, that there is no sufficient connection between the basis for his dismissal and his ability to perform his job. But the statute does not establish such a requirement. It is true that cases have sometimes required a connection between an employee's offensive conduct and his public duties before he may be disciplined under section 19572 of the Government Code. Subdivision (t) of section 19572 allows disciplinary action for "failure of good behavior either during or outside of duty hours which is of such a nature that it causes discredit to [the employee's] agency or his employment." This subdivision has frequently been interpreted as requiring a relationship between the misconduct and the employee's duties. (See *Vielehr* v. *State Personnel Bd.* (1973) 32 Cal.App.3d 187, 191-195 [107 Cal.Rptr. 852].) Similarly, subdivision (m), which permits disciplinary action for discourteous treatment of the public or other employees, has been applied as extending to nonworking hours only if the discourteous treatment reflected adversely on the public agency. (*Blake* v. *State Personnel Bd.* (1972) 25 Cal.App.3d 541, 550-551 [102 Cal.Rptr. 50].)

No basis appears for creating a special requirement of "nexus" where conviction of a crime is considered as a ground for discipline. There is no variety of public employment in which conviction of a crime involving moral turpitude would not reasonably be regarded by the appointing authority and the board as grounds for discipline. Moral turpitude reflects a trait of character that may continue, and affect an employee's performance of duties not related to the circumstances in which it was mani-

fested. (Cf. *Gee* v. *California State Personnel Bd., supra,* 5 Cal.App.3d at p. 719.)

Respondent received his last illegal payment on May 13, 1970. He was employed by the state on July 31, 1970, at which time he was not questioned about any possible unemployment insurance violation. Since respondent was not convicted until May 1971, the conviction that made him subject to discipline did not occur until after he had received his appointment to state service. It was then lawful to impose discipline.

Respondent contends that the penalty imposed by the board was excessive as a matter of law. The standard used to judge the propriety of a penalty imposed by an administrative agency is whether the agency abused its discretion. (*Blake* v. *State Personnel Bd., supra,* 25 Cal.App.3d 541, 553.) Although respondent's work record was good we are unable to say that it was an abuse of discretion to dismiss an employee who had been found guilty of a crime involving moral turpitude.

The judgment is reversed with directions to vacate the writ of mandate and dismiss the petition.

Caldecott, P. J., concurred.

**RATTIGAN, J.,** Concurring.—I agree that appellant's conviction of having violated Unemployment Insurance Code section 2101 was a conviction for a "misdemeanor involving moral turpitude" within the meaning of Government Code section 19572, subdivision (k). I also agree that the state may rightfully discharge an employee upon his having been convicted of such misdemeanor, and even if there is no connection between the offense and his performance of his job, provided he suffers the conviction *while he is employed by the state.* Since that is the situation presented here, I do not perceive in the foregoing decision a holding that the state might rightfully discharge a civil service employee who was convicted of such misdemeanor prior to his having been employed and in the absence of such connection. With the reservation thus stated, I concur herein.

Respondent's petition for a hearing by the Supreme Court was denied July 10, 1974.