[S.F. No. 23557. July 21, 1977.]

WILLIAM W. NEWLAND, Plaintiff and Appellant, v.
BOARD OF GOVERNORS OF THE CALIFORNIA COMMUNITY
COLLEGES, Defendant and Respondent.

## COUNSEL

David C. Moon for Plaintiff and Appellant.

Blease, Vanderlaan & Rothschild, Coleman A. Blease, Marcus Vander-laan, Michael Rothschild, Morrison & Foerster, Samuel R. Miller, Charles C. Marson, Margaret C. Crosby, Alan L. Schlosser, Peter E. Sheehan, Clifford C. Sweet and Susan Spurlark as Amici Curiae on behalf of Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Robert E. Murphy, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**TOBRINER, Acting C. J.**—When in 1974 plaintiff William Newland, who was educationally well qualified, sought a community college credential, the Board of Governors of the California Community Colleges confronted him with the fact that seven years earlier he had been convicted of a misdemeanor: lewd conduct in a public place (Pen. Code, § 647, subd. (a)). The Board rejected his application on the ground that section 13220.16 of the Education Code barred issuance of a credential to anyone convicted of a "sex offense" as defined in section 12912—which definition includes violations of Penal Code section 647, subdivision (a)—and refused to conduct a hearing to determine Newland's teaching fitness.

Plaintiff points out that pending appeal of this action section 13220.16 was amended to remove the bar for anyone found fit to teach provided he met three conditions: he had applied for or obtained a certificate of rehabilitation under Penal Code section 4852.01, his probation had been terminated, and the information or accusation had been dismissed under Penal Code section 1203.4. Although plaintiff satisfied the last two of these conditions, defendant board claims that its refusal to certify plaintiff or to grant him a fitness hearing remains proper because plaintiff is ineligible to apply for a certificate of rehabilitation. Such certificates are limited to convicted *felons*; plaintiff committed only a *misdemeanor*.

We have concluded, however, that this rather startling statutory preferential treatment for felons as contrasted with misdemeanants denies misdemeanants the equal protection of the laws. Consequently the statutory requirement for a certificate of rehabilitation cannot constitutionally be applied to deny plaintiff, a misdemeanant, a community college credential.

We recount the factual background of this litigation. Plaintiff obtained his bachelor's degree from the University of California at Berkeley in June of 1966; from September 1966 until June 1967 he attended the University of California at Santa Barbara, completing the courses necessary to obtain a teaching credential. During this period he also rendered excellent service as a teaching assistant in the Goleta Union School District. In 1972 plaintiff obtained a master's degree from the University of Hawaii.

The crime for which plaintiff had suffered the severe consequences narrated above consisted of his engaging in an act of masturbation in April of 1967 when alone inside a closed toilet stall at the Greyhound Bus Depot in Hollywood. Unknown to plaintiff, an officer at this moment was peering through a small grating on the door to the stall. The officer arrested plaintiff for violating Penal Code section 647, subdivision (a).[1] Plaintiff's brief states that the grating was about two feet from the floor, and thus that plaintiff's conduct could not have been observed by persons in the rest room going about their own business.[2] The record does not indicate, however, whether plaintiff raised the objection that the officer's observations resulted from an illegal search.[3]

Convicting plaintiff of violation of Penal Code section 647, subdivision (a),[4] the trial court imposed summary probation, terminable upon payment of a $100 fine and $10 penalty assessment. Plaintiff promptly

---

[1]Penal Code section 647 provides in part that: "Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:

"(a) Who solicits anyone to engage in or who engages in lewd or dissolute conduct in any public place or in any place open to the public or exposed to public view."

[2]Since this allegation was not part of plaintiff's complaint, its truth is not admitted by defendant's demurrer. Defendant, however, does not dispute the accuracy of the description in plaintiff's brief.

[3]See *People* v. *Triggs* (1973) 8 Cal.3d 884 [106 Cal.Rptr. 408, 506 P.2d 232]; *Britt* v. *Superior Court* (1962) 58 Cal.2d 469 [24 Cal.Rptr. 849, 374 P.2d 817]; *Bielicki* v. *Superior Court* (1962) 57 Cal.2d 602 [21 Cal.Rptr. 552, 371 P.2d 288].

[4]Plaintiff was also charged with obstructing an officer (Pen. Code, § 148) but was acquitted of that offense.

paid the $110 and moved to dismiss the charges pursuant to Penal Code section 1203.4. The court granted the motion. Plaintiff thus served no time in jail, and virtually no time on probation.

As we have set forth, on January 8, 1974, plaintiff, having completed the necessary requirements, applied for a community college credential. Defendant board, however, refused to issue the credential or to grant plaintiff a hearing at which he could prove his fitness to teach and thus qualify for a credential. The board based its action on Education Code section 13220.16, which provides that the Board of Governors of the California Community Colleges "shall" deny a credential to any applicant who has "been convicted of any sex offense as defined in Section 12912,"[5] and Education Code section 12912, which includes among the enumerated sex offenses any violation of Penal Code section 647, subdivision (a).[6]

Plaintiff then filed the instant mandate action to compel defendant board to provide him with a fitness hearing.[7] The board demurred, citing the terms of Education Code section 13220.16. When the demurrer came on for hearing, the superior court, instead of ruling solely on the demurrer, treated the matter as submitted for decision on the pleadings. Upholding the constitutionality of section 13220.16 both facially and as

[5]Education Code section 13220.16, at the time of plaintiff's application for a community college credential, read as follows:

"The Board of Governors of the California Community Colleges shall deny any application for the issuance of a credential authorized by this article made by any applicant who comes within any of the following classes:

"(a) Has been determined to be a mentally disordered sex offender. . . .

"(b) Has been convicted of any sex offense as defined in Section 12912.

"(c) Has been convicted of a narcotics offense as defined in Section 12912.5."

The 1976 Legislature amended section 13220.16, effective January 1, 1977 (Stats. 1976, ch. 947). The amendment regroups the three subdivisions of the prior statute into a single subdivision (a), and adds a new subdivision (b). The terms and significance of new subdivision (b) will be discussed later in this opinion.

[6]Education Code section 12912 states in part that:

" 'Sex offense' as used in Sections 13175, 13207, 13220.16, 13218, 13255, and 13586 means any one or more of the offenses listed below:

"(a) Any offense defined in Sections 266, 267, 285, 286, 288, 288a, 647a, subdivision 3 or 4 of Section 261, or subdivision (a) or (d) of Section 647 of the Penal Code." The statute goes on to define "sex offense" to include certain repealed or renumbered crimes, attempts, and offenses committed in other states.

[7]Defendant offered plaintiff a hearing to determine whether plaintiff was in fact convicted of violating Penal Code section 647, subdivision (a), but since plaintiff admits the conviction such a hearing would have been futile. The parties therefore entered into a stipulation under which defendant waived the necessity for an administrative hearing in order to permit plaintiff to proceed directly to seek judicial relief.

applicable to plaintiff, the superior court entered judgment denying the petition for mandate.

During the pendency of plaintiff's appeal, the Legislature enacted new subdivision (b) of section 13220.16, effective January 1, 1977. This subdivision provides that "Notwithstanding paragraphs (2) and (3) of subdivision (a) [which require denial of credentials to persons convicted of listed sex and narcotics offenses], no person shall be denied a credential solely on the basis that he has been convicted of a crime specified in paragraphs (2) and (3) of subdivision (a) if he has obtained or applied for a certificate of rehabilitation under Section 4852.01 and following of the Penal Code, and if his probation has been terminated and the information or accusation has been dismissed pursuant to Section 1203.4 of the Penal Code."

Defendant concedes that if plaintiff fell within the terms of this subdivision, he could take advantage of its ameliorative effect even though the subdivision took effect during the pendency of his appeal. (See *Governing Board* v. *Mann* (1977) 18 Cal.3d 819, 829-831 [135 Cal.Rptr. 526, 558 P.2d 1].) Defendant admits also that plaintiff has fulfilled two of the three statutory requirements; the trial court terminated plaintiff's probation, and dismissed the accusation pursuant to Penal Code section 1203.4. The defendant board's refusal to afford plaintiff a fitness hearing therefore now rests solely on plaintiff's failure to apply for or obtain a certificate of rehabilitation.

A certificate of rehabilitation is a document which certifies that its possessor, during a period of at least three years following his release from prison (see Pen. Code, § 4852.03), "has demonstrated by his course of conduct his rehabilitation and his fitness to exercise all of the civil and political rights of citizenship." (Pen. Code, § 4852.13.) Section 4852.01 specifies the persons who are ineligible to petition for certificates of rehabilitation: "*persons convicted of misdemeanors*; . . . persons who have served time in county jails only; . . . persons serving a mandatory life parole;. . . persons committed under death sentences; or . . . persons in the military service." (Italics added.) Since plaintiff was convicted of a misdemeanor, he is ineligible to petition for a certificate of rehabilitation, and consequently has not attempted to do so.

We turn therefore to plaintiff's argument that the statutory requirement for a certificate of rehabilitation denies misdemeanants the equal protection of the law because it discriminates in favor of felons and

against misdemeanants. The decisions clearly hold that a legislative classification, such as that involved here, violates the constitutional requirement of equal protection of the law unless it rationally relates to a legitimate state purpose. Neither our cases nor those of the United States Supreme Court have settled on a particular verbal formula to express this proposition. Some decisions require that the classification " 'bear some rational relationship to a conceivable legitimate state purpose' " (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 16 [112 Cal.Rptr. 786, 520 P.2d 10]); others, that the classification must rest upon "some ground of difference having a fair and substantial relation to the object of the legislation" (*Reed* v. *Reed* (1971) 404 U.S. 71, 75-76 [30 L.Ed.2d 225, 229, 92 S.Ct. 251]; *Brown* v. *Merlo* (1973) 8 Cal.3d 855, 861 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505]).

We do not find it necessary to determine whether these alternative formulas differ in substance as well as in language, nor to decide which of them is the "correct" constitutional standard. All of the formulas. require the court to conduct "a serious and genuine judicial inquiry into the correspondence between the classification and the legislative goals" (*Dorrough* v. *Estelle* (5th Cir. 1974) 497 F.2d 1007, 1011); as we shall explain such an inquiry will suffice to demonstrate the unconstitutionality of the classification in question in the present case.[8]

As the foregoing authorities indicate, our inquiry must begin with an identification of the purpose of section 13220.16 so that we may determine whether the statutory classification denying plaintiff a community college credential rationally relates to that purpose. (See *Craig* v. *Boren* (1976) 429 U.S. 190 [50 L.Ed.2d 397, 97 S.Ct. 451] *Weinberger* v. *Wiesenfeld* (1975) 420 U.S. 636, 648 [43 L.Ed.2d 514, 524-525, 95 S.Ct. 1225].) In that connection we observe that numerous decisions have established that a statute can constitutionally bar a person from practicing a lawful profession only for reasons related to his fitness or competence to practice that profession.[9] Viewing section 13220.16 in light of that established principle, we believe that the purpose of that section is not further to punish the miscreant, but to protect the students,

[8]Consequently we need not decide whether section 13220.16 is subject to strict judicial scrutiny on the ground that the statute denies plaintiff the right to practice a lawful profession.

[9]See *Schware* v. *Board of Bar Examiners* (1957) 353 U.S. 232, 238-239 [1 L.Ed.2d 796, 801-802, 77 S.Ct. 752, 64 A.L.R.2d 288]; *Cartwright* v. *Board of Chiropractic Examiners* (1976) 16 Cal.3d 762, 767 [129 Cal.Rptr. 462, 548 P.2d 1134]; *Nightingale* v. *State*

faculty and others who might be harmed by the employment of an unfit teacher.[10]

Because a misdemeanant is not eligible to petition for a certificate of rehabilitation, the 1976 amendment works the Kafka-like perverse effect of providing that a person convicted of a *felony* sex crime who applies for a certificate of rehabilitation and who is otherwise fit, can obtain certification to teach in the community college system but that an otherwise fit person, convicted of a *misdemeanor* sex crime, is forever barred. This statutory discrimination against misdemeanants can claim no rational relationship to the protective purpose of section 13220.16. This amendment stands as a legislative recognition that many of the persons barred for life under the unamended version of section 13220.16 were fit to teach. The Legislature could not possibly or sensibly have concluded that misdemeanants, as opposed to felons, constitute a class of particularly incorrigible offenders who are beyond hope of rehabilitation.

The unavailability of certificates of rehabilitation to misdemeanants probably stems from the fact that such certificates served primarily to restore civil rights to those who, having been convicted of felonies, had lost those rights (see former Pen. Code, § 2600); conviction of a misdemeanor entailed no loss of civil rights. Thus the Legislature's insistence in amended section 13220.16 that all persons seeking relief under subdivision (b) of that statute apply for certificates of rehabilitation may simply be a case of legislative oversight—a failure to realize that this requirement would block any relief to a misdemeanant. ■

*Personnel Board* (1972) 7 Cal.3d 507 [102 Cal.Rptr. 758, 498 P.2d 1006]; *Perrine* v. *Municipal Court* (1971) 5 Cal.3d 656, 663 [97 Cal.Rptr. 320, 488 P.2d 648]; *Morrison* v. *State Board of Education* (1969) 1 Cal.3d 214, 234 [82 Cal.Rptr. 175, 461 P.2d 375]; *Endler* v. *Schutzbank* (1968) 68 Cal.2d 162, 169 [65 Cal.Rptr. 297, 436 P.2d 297]; *Weissbuch* v. *Board of Medical Examiners* (1974) 41 Cal.App.3d 924, 930 [116 Cal.Rptr. 479] (Roth, J., conc.); *Vielehr* v. *State Personnel Bd.* (1973) 32 Cal.App.3d 187, 192-194 [107 Cal.Rptr. 852]; *Johnson* v. *County of Santa Clara* (1973) 31 Cal.App.3d 26, 32 [106 Cal.Rptr. 862]; *Purifoy* v. *State Board of Education* (1973) 30 Cal.App.3d 187, 190 [106 Cal.Rptr. 201]; *Oakland Unified School Dist.* v. *Olicker* (1972) 25 Cal.App.3d 1098, 1108 [102 Cal.Rptr. 421]; *Blake* v. *State Personnel Board* (1972) 25 Cal.App.3d 541, 550-551 [102 Cal.Rptr. 50]; *Comings* v. *State Bd. of Education* (1972) 23 Cal.App.3d 94, 103 [100 Cal.Rptr. 73, 47 A.L.R.3d 742]; *Grannis* v. *Board of Medical Examiners* (1971) 19 Cal.App.3d 551, 562 [96 Cal.Rptr. 863].

[10]See *Morrison* v. *State Board of Education, supra,* 1 Cal.3d 214, 235; cf. *Yakov* v. *Board of Medical Examiners* (1968) 68 Cal.2d 67, 73 footnote 6 [64 Cal.Rptr. 785, 435 P.2d 553] (physicians); *Hallinan* v. *Committee of Bar Examiners* (1966) 65 Cal.2d 447, 462 [55 Cal.Rptr. 228, 421 P.2d 76] (attorneys).

But whether the result of oversight or intention, the statutory classification discriminating against misdemeanants, lacking a rational relationship to the legislative goals, denies misdemeanants the equal protection of the laws.

The Attorney General, representing defendant board, does not attempt to suggest any rational basis for the challenged classification. Indeed, in a brief filed after the effective date of new subdivision (b) of section 13220.16, he virtually concedes that if Education Code section 13220.16 and Penal Code section 4852.01 together work to deny misdemeanants relief available to felons, that discrimination renders either or both statutes unconstitutional. Relying, however, on the principle "that a statute which is reasonably susceptible of two constructions should be interpreted so as to render it constitutional" (*San Francisco Unified School Dist.* v. *Johnson* (1971) 3 Cal.3d 937, 942 [92 Cal.Rptr. 309, 479 P.2d 669]), he proposes that we construe Penal Code section 4852.01 to permit a convicted misdemeanant who is affected by section 13220.16 to petition for a certificate of rehabilitation. Since plaintiff has not petitioned for a certificate of rehabilitation, the Attorney General concludes that plaintiff is not presently entitled to relief under section 13220.16.

We do not believe section 4852.01, in the context of the chapter on certificates of rehabilitation, is reasonably susceptible of that construction. Section 4852.01, subdivision (c) states unequivocally that "This chapter shall not apply to persons convicted of misdemeanors," and then adds that the chapter "shall not apply . . . to persons who have served time in county jails only." The other provisions of the chapter are replete with direct or indirect references to convicted felons. Subdivision (a) of section 4852.01 authorizes "Any person convicted of a felony" who meets certain requirements to petition for a certificate of rehabilitation. Section 4852.03 computes the period of rehabilitation on the assumption that the petitioner has served time in state prison. Section 4852.06 provides that no petition shall be filed until the petitioner "has continuously resided in this State, after leaving prison, for a period of not less than three years." Finally, section 4852.07 requires that notice of the petition be sent to the district attorney of each county in which the petitioner was convicted of a felony.

In sum, the chapter relating to certificates of rehabilitation forms a unified structure which clearly and unambiguously applies only to felons and not to misdemeanants. Seen in this context, section 4852.01 is not

reasonably susceptible of an interpretation which would permit misdemeanants to petition for certificates of rehabilitation; thus we cannot by that means avoid the constitutional issue arising from the discriminatory classification of Education Code section 13220.16.

Since plaintiff has fulfilled two of the three requirements for relief under subdivision (b) of section 13220.16, and the remaining requirement—that he apply for or obtain a certificate of rehabilitation—cannot constitutionally be invoked to deny relief to misdemeanants, we conclude that defendant board cannot rely upon section 13220.16 to deny plaintiff's application for a community college credential.[11] Plaintiff having established his right to relief as prayed, the judgment of the superior court is reversed and the cause remanded with directions to issue a peremptory writ of mandate in conformity with the views expressed in this opinion.

Mosk, J., Clark, J., Richardson, J., Sullivan, J.,* and Sims, J.,† concurred.

**FRIEDMAN, J.‡**—I concur in the result. A statute should be construed, if reasonably possible, to avoid a holding of unconstitutionality. (*Palermo* v. *Stockton Theatres, Inc.,* 32 Cal.2d 53, 60 [195 P.2d 1].) The 1976 amendment to Education Code section 13220.16 was the product of inept draftsmanship, not discriminatory design. Reasonably construed, it extends its beneficence to ex-probationers and ex-prisoners, without regard to the grade of the offense. As the majority opinion states: "The Legislature

---

[11]Since defendant cannot invoke section 13220.16 to deny plaintiff a community college credential, it must either grant him that credential or, if it doubts his present fitness to teach, afford him a hearing on that issue. (See Ed. Code, § 13220.15.) We reject defendant's suggestion that a fitness hearing would serve no purpose on defendant's theory that all persons convicted of lewd conduct in a public place are unfit to teach as a matter of law. The case at bar is the counterexample; it cannot reasonably be maintained that because plaintiff masturbated in a closed toilet stall at a bus station in 1967 that now, 10 years later, he is necessarily unfit to teach community college students, and will forever be unfit. Even if plaintiff's 1967 conduct suggests a lack of judgment or discretion, these are not immutable traits, but defects which may disappear with greater maturity and experience. Consequently if defendant elects to conduct a fitness hearing, it cannot limit that hearing to a determination of whether plaintiff committed a violation of Penal Code section 647, subdivision (a), or was convicted therefor, but must conduct "a careful and reasoned inquiry into his fitness to teach." (*Morrison* v. *State Board of Education, supra,* 1 Cal.3d 214, 238-239.)

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

†Assigned by the Chairman of the Judicial Council.

‡Assigned by the Acting Chairman of the Judicial Council.

could not possibly or sensibly have concluded that misdemeanants, as opposed to felons, constitute a class of particularly incorrigible offenders who are beyond hope of rehabilitation." (Majority opn., *ante,* p. 712.)

Education Code section 13220.16, subdivision (a), subsections (2) and (3) require denial of teaching credentials to persons convicted of designated crimes. These crimes include both felonies and misdemeanors. Subdivision (b), as added by the 1976 Legislature, provides that *no person* convicted of any one of the designated crimes shall be denied a credential if he fulfills certain conditions. At this point the Legislature's prime objective becomes apparent—a conviction of one of the enumerated crimes, misdemeanor or felony, is not to be a lifelong barrier; *all persons* are entitled to absolution if they can produce an authoritative badge of rehabilitation.

The statute goes on to implement this prime objective by describing the requisite badges of rehabilitation. It describes two badges: first, a certificate of rehabilitation under Penal Code section 4852.01, and second, termination of probation and dismissal of the prosecution under section 1203.4. Viewed literally, subdivision (b) voices these demands conjunctively; any one applicant must exhibit both badges of rehabilitation. So construed, the statute is largely unworkable.

The draftsman of this amendment was oblivious to the workings of the criminal justice apparatus. Four kinds of ex-offenders are affected: first, the ex-felon who has served a prison sentence; second, the ex-felon who successfully served probation but no prison time; third, the former misdemeanant who paid the penalty for his offense but without placement on probation; fourth, the former misdemeanant who successfully completed probation.

If section 13220.16, subdivision (b), is viewed literally, the first sort (the ex-felon who served a prison sentence) can't fulfill its dual demands, because he can obtain a certificate of rehabilitation but—never having been on probation—can't have his conviction expunged under section 1203.4. The third variety (the misdemeanant who was not placed on probation) is eligible for neither badge; as a misdemeanant he can't get a certificate of rehabilitation (Pen. Code, § 4852.01, subd. (d)); as a nonprobationer, he can't proceed under section 1203.4. The fourth variety is eligible for the 1203.4 badge but not the section 4852.01 badge. Only the second variety of ex-offender—the ex-felon who successfully

completed probation—can possibly fulfill both statutory demands. (See Pen. Code, § 4852.01, subd. (c).)

Regardless of the grade of the offense and regardless of the individual's social and moral redemption, the mechanical portions of the statute exclude three of the four varieties of ex-offender who are the presumable beneficiaries of the statute's beneficent objective.

The majority opinion concedes that the statute doesn't make sense. One asks whether it need be construed to reach a senseless result which, in turn, infects it with a constitutional vice.

In the statute, the two demands are separated by the word "and," a conjunctive term if viewed literally. "And" may sometimes be interpreted as "or" to carry out the legislative intent. (*Bianco* v. *Industrial Accident Com.,* 24 Cal.2d 584, 587 [150 P.2d 806]; 1-A Sutherland, Statutory Construction (4th ed.) § 21.14, pp. 90-94.) Restoration of teaching eligibility to ex-offenders who receive an authoritative badge of rehabilitation is the undebated and undebatable legislative objective. The badge required of ex-prisoners is that contemplated by Penal Code section 4852.01. The badge for ex-probationers is that described in section 1203.4. The Legislature did not intend that a single ex-offender secure both badges, but only the one appropriate to his case.[1] The statute makes sense only if the word "and" following the phrase "Penal Code" is construed as "or."

So construed, the statute fulfills and does not frustrate the legislative objective. So construed, it is invulnerable to equal protection attack. So construed, it requires reversal of the superior court judgment.

---

[1]No process of construction can fill the statutory gap created by lack of any provision for the ex-offender who committed a misdemeanor and was not granted probation. The Penal Code does in fact supply him with a court-administered badge of rehabilitation. (See §. 1203.4a.)