[Civ. No. 41610. First Dist., Div. Four. Aug. 14, 1978.]

GERALD A. CROWLEY et al., Plaintiffs and Appellants, v.
CITY AND COUNTY OF SAN FRANCISCO et al.,
Defendants and Respondents.

**COUNSEL**

Stephen Warren Solomon, Carole Heller Solomon, Emanuel Cowitt, William J. Ramey, Ralph B. Saltsman and Troy C. Lee for Plaintiffs and Appellants.

George Agnost, City Attorney, and Kevin M. O'Donnell, Deputy City Attorney, for Defendants and Respondents.

**OPINION**

CHRISTIAN, J.—■ Gerald A. Crowley appeals from a judgment denying a writ of mandate to restrain the City and County of San Francisco and its police commission and police chief from requiring appellant to respond to a departmental investigation.

Crowley holds tenure in the civil service of the city and county as a police sergeant, and is the president of the San Francisco Police Officers Association. For a time Crowley was assigned while on paid status as a

police officer to work full time as association president. This arrangement was ended late in 1975, and Crowley was assigned to normal duties at a police station. He then took unpaid leave of absence and continued to be active as president of the Police Officers Association.

On July 14, 1976, Crowley attended a meeting of the police commission, which had been convened for the purpose of meeting and conferring, at the request of the association, "on proposed rules for citizen contact and questioning of police officers while the officers were in the process of performing field investigations." The commission indicated that the meeting would be open to the public. Crowley disapproved and left the room with his associates. Present at the meeting was Ron Landberg, alleged to be a member of an organization known as the "White Panthers." Landberg later complained to the police department that before leaving the meeting room Crowley had threatened him, saying: "If you stay in this building much longer, you'll stay in here for good."

The Internal Affairs Division of the San Francisco Police Department commenced an investigation of Landberg's complaint, and for that purpose Crowley was directed "to appear before Sgt. Bill R. Taylor of the Internal Affairs Division. . . ." The present litigation followed.

The incident in question occurred while Crowley was on unpaid leave of absence from the police department for the purpose of working full time "as an officer . . . of an employee organization whose membership is limited to city employees . . . ." (Rule 22.08(a), San Francisco Civil Serv. Com.)[1] Citing Government Code section 3502,[2] Crowley argues in effect that because he was on leave of absence for the purpose of acting as president of the Police Officers Association he was not subject to the otherwise-applicable rule of the police department requiring officers to respond to internal investigations: "[A member of the police department] shall, when called upon by a superior officer or by one especially assigned

[1]The regulation is authorized by section 8.360 of the Charter of the City and County of San Francisco: "Leaves of absence to officers and employees of the city and county shall be governed by rules established by the civil service commission."

[2]Government Code section 3502: "Except as otherwise provided by the Legislature, public employees shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations. Public employees also shall have the right to refuse to join or participate in the activities of employee organizations and shall have the right to represent themselves individually in their employment relations with the public agency."

by lawful authority to conduct an investigation involving police matters or any matter affecting the conduct of a member or members, truthfully answer all questions proposed. A report, statement or declaration made orally or in writing in the foregoing matters shall contain the truth without evasion." (Rule 2.49, S.F.P.D.)

A public employee who is on leave of absence does not thereby cease to be a public employee. (*Ballf* v. *Public Welfare Dept.* (1957) 151 Cal.App.2d 784 [312 P.2d 360].) Although the police commission could have exempted from rule 2.49 officers who were on leave of absence, or acts done while an officer was off duty or on leave, the commission did not so choose: the rule covers without limitation "police matters or any matter affecting the conduct of a member [of the police department]." It is not unreasonable for the police commission to authorize the department to investigate allegations of misconduct which might justify a challenge to the fitness of an officer on leave of absence to return to active duty. An alleged threat of violence, by a person who may return to active duty as a police officer, is reasonably the subject of internal inquiry by the police department.

Of course, such a rule could not lawfully be applied in such a way as to (1) thwart public employees in the exercise of statutory rights of collective representation (Gov. Code, § 3502) or (2) impose discipline for violation of an order which a superior officer was not entitled to give. (*Forstner* v. *City etc. of San Francisco* (1966) 243 Cal.App.2d 625, 632 [52 Cal.Rptr. 621].) But the trial court was presented with no basis for determining, in advance of the departmental investigation, that any infringement upon Crowley's rights would occur.

Affirmed.

Caldecott, P. J., and Cook, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.