[Civ. No. 18063. Third Dist. Dec. 5, 1979.]

ROBERT I. GILLIES, JR., Plaintiff and Appellant, v.
CIVIL SERVICE BOARD OF THE CITY OF SACRAMENTO,
Defendant and Respondent.

**COUNSEL**

James V. de la Vergne and Thomas H. Edwards for Plaintiff and Appellant.

James P. Jackson, City Attorney, and Elizabeth Hassard Silver, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

**PARAS, J.**—During an investigation of marijuana use by Sacramento city police officers in the spring of 1976, Officer Robert I. Gillies, Jr., admitted he smoked marijuana four or five times a month at social functions while off duty. When asked his intentions as to future use, Gillies said "I don't intend to stop. I prefer it to drinking."[1] Gillies was terminated from the police department as of July 1, 1976, for violating Sacramento Police Department rule 31.02[2] and for insubordination, wilfull disobedience of a lawful order, rule or direction, and conduct related to employment which impairs, disrupts or causes discredit to the employee's employment or the public service. (Rules & Regs., Civ. Service Bd., rule 17.2.)

Gillies appealed the severity of the penalty to the Sacramento City Civil Service Board (Board), which after a hearing affirmed the disci-

---

[1]These facts are taken from a stipulation read into the record at the appeal hearing before the civil service board on September 14, 1976.

[2]Rule 31.02: "Members of the Department, whether on or off duty, shall be governed by the ordinary and reasonable rules of good conduct and behavior, and shall not commit any negligent, malicious or criminal act which may bring reproach or discredit upon the department or the City of Sacramento."

plinary action. The Board found good cause for termination in that Gillies' conduct violated criminal statutes and police department rules, including rule 31.02. Gillies then petitioned the superior court for a writ of mandate and order of reinstatement. The court denied the writ and Gillies has appealed that ruling.

The basis of the superior court's denial is expressed in a memorandum decision in which the court concluded that Gillies did not lose his employment merely because he confessed to past incidents of marijuana use, but because the insisted upon his right in the future to continue such use. The police chief was thus confronted with a law enforcement officer who would avowedly continue to commit a crime (a violation of Health & Saf. Code, § 11357). ■ In such a situation the discharge was lawful. We agree with the trial judge that termination of a police officer *who habitually engages in criminal conduct and expresses an intention to pursue it in the future* is not an abuse of discretion. (See *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 217 [124 Cal.Rptr. 14, 539 P.2d 774].)

Gillies' reliance on Health and Safety Code section 11361.7, subdivision (b),[3] is misplaced. That statute applies only to arrests and convictions which occurred two or more years before the proposed disciplinary action or prior to January 1, 1976, (see Health & Saf. Code, § 11361.5, subds. (a), (b)), and thus has no relevance to the present dispute.

Similarly, the eloquent assertion of privacy rights advanced by Gillies is unacceptable. It is not unreasonable for a law enforcement agency to forbid and discipline for off-duty conduct by its officers which violates the penal laws. (*Warren* v. *State Personnel Board* (1979) 94 Cal. App.3d 95, 106 [156 Cal.Rptr. 351].) It was Gillies' past and prospective breach of a penal statute, not the mere abstract fact that he had

---

[3]Health and Safety Code section 11361.7, subdivision (b): "(b) No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right , or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5, or because of the facts or events leading to such an arrest or conviction, on or after the date the records of such arrest or conviction are required to be destroyed by subdivision (a) of Section 11361.5, or two years from the date of such conviction or arrest without conviction with respect to arrests and convictions occurring prior to January 1, 1976. As used in this subdivision, 'public agency' includes, but is not limited to, any state, county, city and county, city, public or constitutional corporation or entity, district, local or regional political subdivision, or any department, division, bureau, office, board, commission or other agency thereof."

smoked marijuana, which brought about his termination. Whatever the merits vel non of total decriminalization of marijuana, it is not within the province of either Gillies, the police department, or the courts to determine which penal laws are worthy of obedience and which not.

There was no abuse of discretion. One of the crucial factors in administrative disciplinary decisions is the likelihood of recurrence of the proscribed conduct. (*Board of Education* v. *Jack M.* (1977) 19 Cal.3d 691, 698-699 [139 Cal.Rptr. 700, 566 P.2d 602]; *Vielehr* v. *State Personnel Bd.* (1973) 32 Cal.App.3d 187, 193-194 [107 Cal.Rptr. 852]; *Warren* v. *State Personnel Board, supra,* 94 Cal.App.3d at pp. 107-108.) There certainly was substantial evidence before the Board on this point and the superior court correctly refused to disturb the Board's decision.

The judgment is affirmed.

Puglia, P. J., and Reynoso, J., concurred.