[Civ. No. 3988. Fifth Dist. Oct. 10, 1980.]

WILLIE Z. HOOKS, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Respondent.

**COUNSEL**

Roger C. Donahue for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Richard M. Radosh, Deputy Attorney General, for Defendant and Respondent.

OPINION

**HOPPER, Acting P. J.**—Hooks appeals from a judgment denying the issuance of a writ of mandate re his dismissal as a correctional officer for possession of marijuana and hashish.

The facts are these:

Hooks was first employed as a correctional officer at the California Mens Colony at San Luis Obispo in May of 1972. In December 1974 he was dismissed for alleged discourteous conduct toward individuals and law enforcement officers in the community. His appeal from this dismissal was denied by the State Personnel Board in February 1975 and a writ of mandate was denied by the superior court in September of that year. In June of 1976, the Court of Appeal, Second Appellate District, reversed the judgment of the superior court and remanded the matter for further proceedings. In October 1976, the parties entered into a stipulation in which the dismissal action was withdrawn and Hooks was restored to his position with back pay to December 11, 1974. The stipulation stated in relevant part: "3. Petitioner is hereby reinstated to the position of Correctional Officer effective the start of business on December 11, 1974.

"4. Petitioner will receive back pay as provided in Government Code section 19584 for the period December 11, 1974, through August 25, 1976. Petitioner was reinstated to his position by the Department of Corrections on August 25, 1976, and placed on administrative leave. In the event of a dispute regarding the amount of back pay either party may request a hearing before a hearing officer of the State Personnel Board."

The purpose of the administrative time off was for investigation of disciplinary proceedings being instituted *simultaneously* with Hooks' reinstatement to service. The disciplinary proceedings were pursuant to an arrest and conviction by guilty plea for possession of less than an ounce of marijuana in violation of Health and Safety Code, section 11357. Upon conviction, Hooks was fined $100 plus the penalty assessment. Hooks never returned to work after the reinstatement.

For the purposes of the administrative hearing the parties stipulated to the allegations against Hooks contained in paragraph IV of the notice of punitive action.

"On or about December 6, 1975, you were arrested in possession of about nine grams of marijuana and about ten grams of hashish, a violation of Health and Safety Code section 11357.

"On or about March 18, 1976, you were convicted on your plea of guilty of violating Health and Safety Code section 11357 as a misdemeanor in the case of *People* vs. *Willy Z. Hooks*, Bakersfield Municipal Court Case No. 195350."

After an administrative hearing Hooks' dismissal resulting from the possession conviction was affirmed by the hearing officer. The decision of the hearing officer was adopted by the State Personnel Board. Hooks' petition for reconsideration was denied and he sought mandate in the superior court. This appeal is from the judgment denying the petition for mandate.

■ First, Hooks contends that he was not an employee, or a person whose name appears on an employment list, so as to bring him within the provisions of Government Code section 19572, subdivision (t), on December 6, 1975 (the date of his arrest). We disagree.

Government Code section 19572, subdivision (t), states in relevant part: "Each of the following constitutes cause for discipline of an employee, or person whose name appears on any employment list:

". . . . . . . . . . . . . . . . .

"(t) Other failure of good behavior either during or outside of duty hours which is of such a nature that it causes discredit to his agency or his employment."

That subdivision has withstood attacks asserting it to be unconstitutional as void for uncertainty. (*Nightingale* v. *State Personnel Board* (1972) 7 Cal.3d 507 [102 Cal.Rptr. 758, 498 P.2d 1006].)

We conclude and hold that subdivision (t) applied to Hooks. We reject the assertion by Hooks that any reference to reinstatement was solely and only for the purpose of computing pay which might be due.[1]

---

[1]Hooks would have us consider a letter dated August 25, 1976. We decline to do so. Apparently, that letter was *not* introduced into evidence.

Hooks was a State employee subject to disciplinary action under subdivision (t). He received pay for the period including his arrest and conviction. To hold that Hooks was not a person (i.e., "an employee or a person whose name appears on an employment list") subject to subdivision (t), would in effect place Hooks in the position of being better off by reason of the erroneous first dismissal than he would have been had he not been first improperly dismissed. Such a result, in our opinion, was not intended by the statute. Under all of the circumstances the reinstatement resulted in a relation back in time and made Hooks an employee throughout the period (see *Crowley* v. *City and County of San Francisco* (1978) 83 Cal.App.3d 776 [146 Cal.Rptr. 264] [police officer on leave of absence]).

■ Next, Hooks contends that his possession of marijuana did not rationally relate to his work as a correctional officer. Not so. As the trial judge stated in the conclusions of law: "There is a rational relationship between [Hooks'] possessing marijuana and hashish, his conviction, and his employment as a Correctional Officer. Peace officers may be disciplined, including termination of employment for violating laws they are employed to enforce." (See *Szmaciarz* v. *State Personnel Bd.* (1978) 79 Cal.App.3d 904 [145 Cal.Rptr. 396] (a San Quentin correctional officer) and *Vielehr* v. *State Personnel Bd.* (1973) 32 Cal.App.3d 187, 194 [107 Cal.Rptr. 852] (". . .if the appellant had been an officer with the Bureau of Narcotic Enforcement, there could be little question that the conviction of possession of marijuana alone would justify disciplinary action"); see also *Gillies* v. *Civil Service Bd.* (1979) 99 Cal.App.3d 417 [160 Cal.Rptr. 278], and *Kelly* v. *State Personnel Bd.* (1979) 94 Cal.App.3d 905 [156 Cal.Rptr. 795].) The rational relationship is obvious in this factual context.

■ Hooks argues that the termination procedure did not comport with the due process employee safeguards outlined in *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774]. At the hearing Hooks raised no issues other than those relating to his employment status and the lack of relevancy of the violation of the law to his employment. He raises the due process argument for the first time on appeal. Accordingly, the issue is waived. (*Harris* v. *Alcoholic Bev. etc. Appeals Bd.* (1961) 197 Cal.App.2d 182, 187 [17 Cal.Rptr. 167].)

Furthermore, even if the issue had been preserved, Hooks would fail. A posttermination hearing as provided for in Government Code section 19574 satisfies due process requirements if certain preremoval safe-

guards are provided. They are, (1) notice of the proposed action, (2) the reasons therefor, (3) a copy of the charges and materials upon which the action is based, and (4) the right to respond, either orally or in writing, to the authority initially imposing discipline. (*Skelly* v. *State Personnel Bd., supra*, 15 Cal.3d 194, 215.)

The notice of punitive action which was served upon Hooks states in paragraph VI entitled statement as to right to respond to your appointing power, that Hooks had each of the enumerated safeguards required under *Skelly* v. *State Personnel Bd.* The document also made clear that these rights were separate and distinct from those provided under section 19575 of the Government Code. Hooks expressly declined the procedures enumerated in paragraph VI of the notice of punitive action in his answer.

In the superior court Hooks argued for the first time that his arrest and conviction would be expungeable from his record after lapse of a two-year period pursuant to Health and Safety Code sections 11361.5 and 11361.7. Hooks did not raise the issue at the administrative hearing or in any of his documents below and therefore under the exhaustion of administrative remedies doctrine he is barred from raising the issue in the superior court or on appeal. (*Harris* v. *Alcoholic Bev. etc. Appeals Bd., supra*, 197 Cal.App.2d 182, 187; *Nelson* v. *Dept. Alcoholic Bev. Control* (1959) 166 Cal.App.2d 783, 788 [333 P.2d 771]; *Bohn* v. *Watson* (1954) 130 Cal.App.2d 24, 37 [278 P.2d 454].)

In any event, the expungement statutes would not prevent punitive action prior to the running of the two-year period. Here, Hooks was disciplined *before*, not after, the two years.

Additionally, an arrest for or the act of possessing hashish or concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)) is not subject to the expungement statute.

In his closing brief Hooks makes a contention that he is still on leave and entitled to full pay because of lack of notice of termination. This contention was not raised below. Consequently, it was waived.

Possession of nine grams of marijuana and ten grams of hashish was sufficient to support Hooks' dismissal. Hooks' argument that he was not convicted for possession of hashish but only pled guilty to possession of less than an ounce of marijuana is to no avail. Subdivision (t)

does not require a conviction but only a lack of good behavior. The fact that Hooks admitted to possessing hashish is sufficient for disciplinary action. Hooks did make such an admission when he signed a stipulation that paragraph IV of the notice of punitive action was true. Paragraph IV of that notice stated Hooks possessed 10 grams of hashish. No evidence was introduced below to the contrary. Hooks argues that the hearing officer's decision contained exaggerated findings by referring to "unusually large quantities" of marijuana and hashish. The trial court held this overstatement to be harmless error. Considering all of the circumstances the judgment is supported by substantial evidence. Hooks' contention that Health and Safety Code section 11357 refers to concentrated cannabis and makes no mention of hashish misses the mark. "Concentrated cannabis" means the separated resin obtained from marijuana (Health & Saf. Code, § 11006.5), and consequently includes hashish.

■ Hooks also argues that his dismissal constituted an abuse of discretion as excessive punishment. We disagree.

The propriety of the penalty is a matter resting with the sound discretion of the administrative agency. Reasonable minds may differ as to the penalty in this case. Under all of the circumstances (and in particular the nature of the employment and the nature of the offense, i.e., both marijuana and hashish being possessed) we cannot say that the penalty was clearly excessive. There was no abuse of discretion (see *Skelly* v. *State Personnel Bd., supra*, 15 Cal.3d 194, 217; *Nightingale* v. *State Personnel Board, supra*, 7 Cal.3d 507, 515; *Gillies* v. *Civil Service Bd., supra*, 99 Cal.App.3d 417; *Szmaciarz* v. *State Personnel Bd., supra* (1978) 79 Cal.App.3d 904, 921-922; and *Vielehr* v. *State Personnel Bd., supra*, 32 Cal.App.3d 187, 196).

The judgment is affirmed.

Andreen, J., and Thompson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.