[Civ. No. 20378. Third Dist. May 27, 1981.]

CHARLES EDWARD PARKER, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Respondent.

COUNSEL

John T. Murphy for Plaintiff and Appellant.

George Deukmejian, Attorney General, and Corinne Lee Murphy, Deputy Attorney General, for Defendant and Respondent.

OPINION

CARR, J.—Plaintiff, a former employee of the California Youth Authority, appeals from a judgment denying his petition for a writ of administrative mandamus (Code Civ. Proc., § 1094.5) to compel his reinstatement as a group supervisor at the DeWitt Nelson Training Center in Stockton. Plaintiff's termination followed discovery of approximately 450 grams of marijuana growing and in loose form at his residence and was based, inter alia, on Government Code section 19572, subdivision (t), which permits disciplinary action against a state employee who exhibits a failure of good behavior either during or outside of duty hours which is of such a nature that it causes discredit to his agency or his employment.[1] Testimony of a police officer at the administrative hearing indicated plaintiff admitted the marijuana was his.

Plaintiff appealed the termination to the State Personnel Board (hereinafter board). After a hearing in which plaintiff offered no testimony on the discovery of the marijuana because criminal proceedings against him were still pending,[2] the hearing officer found that plaintiff's possession of this large a quantity of marijuana was illegal and constituted grounds for punitive action under Government Code section 19572, subdivision (t). The hearing officer further found plaintiff's status as a peace officer and his job functions of guidance and supervision of Youth Authority wards provided a relationship between the possession of marijuana and plaintiff's employment. Finding plaintiff's "extreme departure from the standard of conduct reasonably required" warranted his dismissal, the hearing officer proposed sustaining the dismissal. The board adopted the proposed decision and denied plaintiff's petition for rehearing. Plaintiff then filed the present action in superior court.

---

[1] An earlier disciplinary demotion from a counseling position was based on plaintiff's supervision of a trip to the movies during which he allowed the wards to drink beer in the park instead. Two wards became drunk and two others escaped.

[2] The hearing officer's offer to put the matter over was ignored.

After examining the administrative hearing transcript and hearing arguments, the superior court found plaintiff had received a fair hearing, the board's findings were supported by substantial evidence, and there was no abuse of discretion. Judgment was entered accordingly and this appeal followed.

On appeal plaintiff argues that marijuana possession cannot be the basis of punitive action under Government Code section 19572, subdivision (t) in the absence of evidence linking such possession to unfitness for employment and that any conclusion of unfitness in this case is based on surmise, conjecture or speculation. He contends his limited peace officer status should not alter the linkage requirement and concludes he was terminated for being arrested, an impermissible justification. We do not agree.

Our consideration of judgments such as this one is controlled by the substantial evidence test. (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 217, fn. 31 [124 Cal.Rptr. 14, 539 P.2d 774].) We review the board's decision in light of the entire administrative record. (*Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 676 [131 Cal.Rptr. 789, 552 P.2d 749].) Our standard is whether the record discloses substantial evidence (reasonable, credible and of solid value) such that a reasonable trier of fact could have found as it did. (*In re Angelia P.* (1981) 28 Cal.3d 908, 924 [171 Cal.Rptr. 637, 623 P.2d 198].)

Plaintiff is correct in asserting that the failure of good behavior within the terms of Government Code section 19572, subdivision (t) must be of such a nature that it reflects upon the employee's job. (*Nightingale* v. *State Personnel Board* (1972) 7 Cal.3d 507, 512 [102 Cal.Rptr. 758, 498 P.2d 1006], quoting with approval from *Orlandi* v. *State Personnel Bd.* (1968) 263 Cal.App.2d 32, 37 [69 Cal.Rptr. 177].) The record here reflects plaintiff was employed as a group supervisor at a vocational training institution for the rehabilitation of youthful offenders. The superintendent of the institution testified that plaintiff's duties included "on the spot" advice and counseling based on a "respect relationship." Employees in plaintiff's position have to have credibility with the wards, some of whom are incarcerated for possession and/or cultivation of marijuana. The superintendent's position was that plaintiff's arrest had a significant adverse effect on his credibility and on the community to which the wards return.

The superintendent's reference to plaintiff's arrest as the link between his behavior and employment situation lends superficial support to his contention that he was terminated because he was arrested. However, that conclusion is inconsistent with the board's determination that it was his admitted possession of a large quantity of marijuana which constituted cause for his termination. The board's determination is reflected in the superior court's finding along with the court's finding that plaintiff was unfit to deal with wards who have narcotics backgrounds. Both the board and the court obviously credited the superintendent's testimony as to the adverse effect of plaintiff's behavior on the relationships with the wards for whose benefit he was employed. They were entitled to rely on his opinion (cf. *Pettit* v. *State Board of Education* (1973) 10 Cal.3d 29, 35 [109 Cal.Rptr. 665, 513 P.2d 889, 78 A.L.R.3d 1]; *Governing Board* v. *Metcalf* (1974) 36 Cal. App.3d 546, 550 [111 Cal.Rptr. 724]). The trial court's finding of unfitness is therefore supported by substantial evidence.

Finally, plaintiff's contention regarding his peace officer status lacks merit. First, the trial court's finding of unfitness makes no mention of plaintiff's status. Substantial evidence and common sense would support the judgment simply on the basis of the irreconcilability of plaintiff's behavior and his job. Second, it is now established law that correctional officers such as plaintiff may be disciplined as peace officers for violating laws they are employed to enforce. (See *Hooks* v. *State Personnel Bd.* (1980) 111 Cal.App.3d 572, 577 [168 Cal.Rptr. 822], and cases there cited.)

The judgment is affirmed.

Paras, Acting P. J., and Reynoso, J., concurred.