[Civ. No. 19078. Third Dist. Dec. 17, 1981.]

COLLIE N. WASHINGTON, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Respondent;
CALIFORNIA STATE UNIVERSITY, SACRAMENTO et al., Real
Parties in Interest and Respondents.

COUNSEL

David P. Simmons, David P. Mastagni and K. William Curtis for Plaintiff and Appellant.

George Deukmejian, Attorney General, Richard D. Martland, Assistant Attorney General, and Jeffrey L. Gunther, Deputy Attorney General, for Defendant and Respondent and for Real Parties in Interest and Respondents.

## OPINION

SPARKS, J.—In this case we examine the standard of review for disciplinary actions taken against employees of the California State University and Colleges. We hold that the substantial evidence rule applies. We further hold that dismissal is an appropriate penalty for the attempted theft of public property by such a governmental employee.

Plaintiff's employment with California State University, Sacramento (real party in interest), was terminated. An administrative hearing judge conducted a hearing, then issued findings of facts, and a proposed decision, sustaining the dismissal. Both the findings, and the decision, were adopted by the California State Personnel Board (defendant) as its decision. Plaintiff's attempt, pursuant to Code of Civil Procedure section 1094.5, to vacate the board's order by way of writ of mandate was denied by the superior court, prompting this appeal.

Plaintiff was an employee of California State University for approximately 10 years. During the last seven years, he was the evening supervisor at the school's center for instructional media.[1] The center supervises the lending of the university's equipment.

On May 9, 1977, while plaintiff was working his 2 p.m. to 11 p.m. shift, he received a phone call from a coemployee asking him to check to see if a T.V. set had been left in an unlocked classroom. Doing so, he discovered a T.V. set and a recorder, worth a combined value of approximately $2,000. He notified the campus police and locked the room. As plaintiff ended his shift, he again checked the room and found it unsecured. He then allegedly decided to take the T.V. set with him and loan it to his cousin for two days so that she could watch an upcoming sporting event. He stated that he had often taken equipment

[1]Technical assistant II.

home in the past, and indicated that he intended to fill out the necessary forms the next day.

As plaintiff was removing the set from his trunk, he was stopped by two police officers. The police spotted a university emblem on the equipment and arrested him. Later, the charges were dismissed, but plaintiff was terminated from his employment.

Plaintiff sought to justify his actions by arguing that it was common for staff members of the center to take equipment home for personal use, often not preparing a borrower's slip until a day or two later. The hearing officer rejected this, upheld the dismissal, and concluded that the conduct was unprofessional and dishonest.

I

The first matter to be resolved in this case is the scope of our review. Plaintiff asserts, citing *Strumsky v. San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29], that, because a fundamental right (the right to public employment) is involved, we must exercise an independent judgment to determine whether the State Personnel Board's decision constitutes an abuse of discretion. Plaintiff's reliance on *Strumsky*, however, overlooks specific language in that case stating that, "It is established that when review of a decision of an agency [of constitutional origin] . . . is sought pursuant to section 1094.5 of the Code of Civil Procedure, the court's scrutiny of the agency's factual findings is limited to a determination [of] whether those findings are supported by substantial evidence in light of the whole record—and this is so *whether or not* the decision of the agency affects a fundamental vested right." (Italics in original.) (*Id.*, at p. 35.) The determinations of an agency of constitutional origins on factual issues are "entitled to all the deference and respect due a judicial decision." (*Id.*, at p. 36.)

In a decision of this court, *Hosford v. State Personnel Bd.* (1977) 74 Cal.App.3d 302 [141 Cal.Rptr. 354], which involved a highway patrol officer's challenge to the State Personnel Board's affirmance of his dismissal, it was stated, "The decision under review of this court (and in the trial court below) was rendered after a full evidentiary hearing by the State Personnel Board, a statewide agency created by, and deriving its adjudicatory powers from the state Constitution. (Cal. Const., art.

XXIV, §§ 2, 3.) Accordingly, this court's inquiry on review is confined to an examination of the record to determine whether there is substantial evidence to support the board's findings. (*Barber* v. *State Personnel Bd., supra*, 18 Cal.3d at p. 404; *Wilson* v. *State Personnel Bd.* (1976) 58 Cal.App.3d 865, 869 [130 Cal.Rptr. 292]; *Marshall* v. *State Personnel Bd.* (1973) 31 Cal.App.3d 904, 908 [107 Cal.Rptr. 738]; see *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 34-36 [112 Cal.Rptr. 805, 520 P.2d 29].) In this examination we must view the evidence in the light most favorable to the board's findings and indulge all reasonable inferences in support thereof. (*Neely* v. *California State Personnel Bd.* (1965) 237 Cal.App.2d 487, 489 [47 Cal.Rptr. 64].) Substantial evidence has been defined as 'relevant evidence that a reasonable mind might accept as adequate to support a conclusion, . . .' [Citation.]" (*Id.*, at pp. 306-307.)

We also note language in another opinion by this court, *Pereyda* v. *State Personnel Board* (1971) 15 Cal.App.3d 47 [92 Cal.Rptr. 746], in which we stated that, "The findings and determination of the Board come before the reviewing court with a strong presumption as to their correctness and regularity. [Citations.] The court may not take into account whatever evidence detracts from the weight of other evidence. [Citation.]" (*Id.*, at p. 50.)

## II

■ Plaintiff asserts on appeal that the decision of the State Personnel Board, based on their determination that his actions constituted dishonest and unprofessional conduct, is erroneous.

Plaintiff asserts three grounds for this claim, the first being that there was insufficient evidence to support a finding that the board employed any established criteria for defining "unprofessional" conduct.

Education Code section 89535, concerning university and colleges' personnel, states, "Any permanent or probationary employee may be dismissed, demoted, or suspended for the following causes: . . . (b) Unprofessional Conduct. (c) Dishonesty. . . . "

Education Code section 89537, then provides in relevant part, "'Unprofessional conduct' as used in Section 89535 includes, *but is not limited to*: [¶] (a) Membership in, or active support of, a 'communist

front,' a 'communist action' organization, or a communist organization, as those terms are now defined in the act of the Congress of the United States designated as 'Internal Security Act of 1950.' [¶] (b) Persistent active participation in public meetings conducted or sponsored by an organization mentioned in subdivision (a) of this section. [¶] (c) Willful advocacy of the overthrow of the government of the United States or of the state, by force, violence or other unlawful means, either on or off the campus. [¶] (d) Willful advocacy of communism, either on or off the campus, for the purpose of undermining the patriotism of pupils, or with the intent to indoctrinate any student with communism or inculcate a preference for communism in the mind of any student." (Italics added.)

Plaintiff urges that, because his conduct does not fall under any of the established criteria for "unprofessional" conduct, and since there was no evidence of any other such criteria, it cannot properly be determined whether his conduct was within the meaning of Education Code section 89535.

We need not determine whether the term "unprofessional conduct" can be constitutionally applied to plaintiff under the standards of *Morrison* v. *State Board of Education* (1969) 1 Cal.3d 214 [82 Cal.Rptr. 175, 461 P.2d 375], and its progeny. It is sufficient here that the board expressly found that plaintiff acted in a dishonest manner. Dishonesty is a separate statutory ground for dismissal. (Ed. Code, § 89535, subd. (c).)

The second basis for plaintiff's claim is his challenge of a finding that he made inconsistent statements to the police. He asserts this is not supported by the evidence. As proof of consistency, plaintiff reiterates only one statement he made that night. He ignores another statement made in which he said that he had borrowed the T.V. so that his cousin could watch an upcoming sporting event. In verifying this, the cousin informed the police that she had three operating television sets in her home; that there was no "special" show she was planning to watch; and that she had not asked plaintiff to bring her a set. We declare the finding to be supported by substantial evidence.

■ We now consider plaintiff's third basis for arguing the board's determination was erroneous. He claims that his conduct, in removing the T.V. set, was as consistent with "professional" conduct as "unprofes-

sional" conduct and the determination that it was unprofessional is not supported by the evidence. We disagree. We need only determine whether there was sufficient evidence to support the finding of dishonesty.

Plaintiff took the television without leaving any indication of its whereabouts. He loaded it in his car without notifying campus police, who easily could have been so informed. Plaintiff knew the proper procedure for dealing with equipment, for he had received a center for instructional media manual stating that equipment had to be checked out and that it must be used for a university-related activity. His contention that staff members were exempt from such rules was denied by his supervisor. Also, plaintiff admitted that, prior to taking the set, he was not sure whether the set was the center's property and, in fact, it was determined to belong to the communication studies department.

After considering the totality of circumstances, the board agreed with the hearing officer's conclusion that plaintiff acted in a dishonest and unprofessional manner. We find substantial evidence to support the determination.

## III

■ Lastly, we find the penalty of dismissal to be proper. "The penalty imposed by an administrative body will not be disturbed in mandamus proceedings unless an abuse of discretion is demonstrated. [Citations.] Neither an appellate court nor a trial court is free to substitute its discretion for that of the administrative agency concerning the degree of punishment imposed. [Citation.]" (*Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395, 404 [134 Cal.Rptr. 206, 556 P.2d 306].) "In considering whether such abuse occurred in the context of public employee discipline, we note that the overriding consideration in these cases is the extent to which the employee's conduct resulted in, or if repeated is likely to result in, '[h]arm to the public service.' [Citations.] Other relevant factors include the circumstances surrounding the misconduct and the likelihood of its recurrence. [Citation.]" (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 218 [124 Cal.Rptr. 14, 539 P.2d 774].)

After a full evidentiary hearing, the dismissal was upheld by the board. We find no abuse of discretion in the penalty, for the facts supported a finding that a misappropriation occurred. Dismissal is

indisputably appropriate for the attempted theft of public property by a governmental employee.

The judgment is affirmed.

Evans, Acting P. J., and Blease, J., concurred.