[No. A024256. First Dist., Div. One. Mar. 25, 1985.]

JONATHAN S. GRAY, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Respondent;
DANIEL J. McCARTHY, as Director, etc.,
Real Party in Interest and Respondent.

**COUNSEL**

Bernard L. Allamano and Philip E. Callis for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Andrea Sheridan Ordin, Chief Assistant Attorney General, and Marian M. Johnston, Deputy Attorney General, for Defendant and Respondent and for Real Party in Interest and Respondent.

OPINION

RACANELLI, P. J.—Appellant, Jonathan S. Gray, appeals from a judgment denying his petition for writ of mandate to review the State Personnel Board's (hereafter Board) decision dismissing him from his position as a state correctional officer. On the appeal, Gray argues that the evidence presented to the Board did not establish a nexus between his work and his admitted misconduct while off duty. In addition he challenges the penalty of dismissal as an abuse of the Board's discretion.

While off duty from his job as a state correctional officer at Soledad, Gray drove to his former girlfriend's home. As he drove up, he saw a stranger leaving her house. Becoming jealous, he pushed the stranger and threatened to shoot him if he retaliated. Although Gray had a gun in his vehicle, he did not have it with him but simulated a gun by putting his hand in his pocket. The stranger left and Gray retrieved his gun from his car and broke through the door of his girlfriend's house to talk with her. About 30 minutes later, the police arrived and arrested Gray for the assault. He later pleaded guilty to battery and was placed on probation.

The Director of Corrections dismissed Gray from his job and the dismissal was upheld after a hearing before the Board with the provision that he not be disqualified from other state employment. The Board made the following determinations:

"Appellant is a correctional officer. One of the tools of the trade is a handgun. Appellant, while on duty, may be called on to use his weapon, as well as his other sidearms to quell a disturbance, prevent escape or to defend himself or others from harm. In exercising his discretion in these matters he is entrusted by the state with, what in some instances, are life and death decisions. His ability to exercise this discretion should be blemish free.

"Appellant's use of a weapon so closely allied with his profession provides respondent with sufficient qualms as to his judgment re its use in the institution to sustain a finding that there is a sufficient nexus between the activity complained of and the job and that the act is of such a nature as to bring discredit to the job.

"Appellant, as a correctional officer, is further called on to subdue inmates in highly volatile situations. The force used in such confrontations must not be excessive. In the incident complained of appellant, without provocation and little or no control of his emotions, struck an innocent bystander and suffered a conviction for this act.

"Between this act and the job there is a sufficient nexus to find that it brings discredit to the agency and appellant's classification." The San Francisco Superior Court denied Gray's petition for writ of mandate and issued a judgment in favor of the Board.

■ Factual determinations of the Board will be upheld if they are supported by substantial evidence. (*Stanton* v. *State Personnel Bd.* (1980) 105 Cal.App.3d 729, 734 [164 Cal.Rptr. 557].) The evidence may not be reweighed and must be considered in the light most favorable to the Board. (*Id.*, at p. 736.) Substantial evidence is reasonable, credible evidence of solid value "such that a reasonable trier of fact could have found as it did." (*Parker* v. *State Personnel Bd.* (1981) 120 Cal.App.3d 84, 87 [174 Cal.Rptr. 333].)

■ In this action, Gray was charged with discourteous treatment of the public and other failure of good behavior pursuant to Government Code section 19572, subdivisions (m) and (t). The misconduct must be such that it "bears some rational relationship to the employment and is of a character that can reasonably result in the impairment or disruption of public service, . . ." (*Blake* v. *State Personnel Board* (1972) 25 Cal.App.3d 541, 550 [102 Cal.Rptr. 50].)

The Board found that Gray's misuse of his weapon and loss of self-control raised doubts about his ability to remain calm under stressful circumstances at work. Gray's supervisor stated that to condone misuse of the weapon and threats to the public would adversely affect morale among other officers. The Board properly relied upon this testimony which constitutes substantial evidence to support the determination that the misconduct warranted discipline.

■ Gray asserts that the penalty of dismissal was too severe. ■ The nature of the penalty imposed by the Board is a matter within the discretion of that agency which may not be disturbed on review absent an abuse of discretion. (*Blake* v. *State Personnel Board, supra,* 25 Cal.App.3d 541; *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 218 [124 Cal.Rptr. 14, 539 P.2d 774].) The factors to be considered in determining whether or not an abuse of discretion occurred include the extent to which the conduct harms the public service, the likelihood of a recurrence, and the circumstances surrounding the misconduct. (*Skelly, supra,* at p. 218.)

In *Ackerman* v. *State Personnel Bd.* (1983) 145 Cal.App.3d 395 [193 Cal.Rptr. 190], the court emphasized the language in *Skelly* which indicated that the "overriding consideration" is the " '*extent to which the employee's conduct resulted in,* or if repeated is likely to result in "[h]arm to the public

*service.*"'" (*Ackerman,* at p. 399.) Testimony in the hearing in *Ackerman* indicated that any dishonesty by a highway patrol officer was an intolerable breach of trust and constituted harm to the public service. (*Id.,* at p. 400.)

 Similarly, in the instant case, Gray's supervisor testified that the ability to make calm, reasoned judgments under pressure was required of correctional officers and that Gray's demonstration of lack of self-control and misuse of his weapon indicated that he could lose control in the life or death atmosphere of the prison. It cannot be said that the Board's decision upholding Gray's discharge constituted an abuse of discretion.

The judgment is affirmed.

Elkington, J., concurred.

**NEWSOM, J.,** Dissenting.—I have considered all the facts and circumstances of Gray's misbehavior including his six year's service without adverse actions and the highly charged emotional situation in which he found himself on the evening in question, and have concluded that in the premises the penalty is excessive, unjustified and consequently an abuse of the board's discretion.