[No. B028025. Second Dist., Div. One. Aug. 2, 1988.]

DANIEL RAMIREZ, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD et al., Defendants and Respondents;
DEPARTMENT OF YOUTH AUTHORITY, Real Party in Interest
and Respondent.

COUNSEL

Rudy E. Jansen for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Henry G. Ullerich and Thomas Scheerer, Deputy Attorneys General, for Defendants and Respondents.

No appearance for Real Party in Interest and Respondent.

OPINION

ORTEGA, J.—

### INTRODUCTION

Appellant, a youth counselor with the Department of Youth Authority, was terminated on December 10, 1985. A State Personnel Board hearing officer sustained allegations pursuant to Government Code section 19572, subdivisions (*l*) and (t),[1] and recommended that appellant be dismissed from his employment. The State Personnel Board adopted those findings and recommendation.

Appellant filed a petition for writ of mandate in the superior court. His petition was denied and he appeals.

---

[1] All statutory references are to the Government Code, unless otherwise indicated.

## Facts and Procedural History

On September 10, 1985, appellant was arrested after two police officers saw him commit an act of masturbation in a public restroom at Lincoln Park in Los Angeles. The masturbation was performed while appellant was seated on a toilet in a stall with no door. Criminal charges were not pursued.

Appellant had been employed at the California Youth Authority since April 1, 1977. On the date of his arrest, he was a Youth Counselor, a position carrying peace officer status. (Pen. Code, § 830.5, subd. (b); Welf. and Inst. Code, § 1076.)

A "Notice of Adverse Action" was served on appellant on December 2, 1985. That notice terminated his employment and stated several grounds under section 19572. Following an appeal of the notice of adverse action, a State Personnel Board hearing was held on February 4, 1986. Following that hearing, the hearing officer found, over appellant's denial, that he had, as alleged, committed an act of masturbation in a place open to public view. The hearing officer found that this activity was sufficient to justify appellant's dismissal under subdivisions (*l* ) (immorality) and (t) (failure of good behavior) of section 19572. The hearing officer's decision was adopted by the State Personnel Board on October 7, 1986.

Appellant's attempt to have the above action overturned by the superior court failed when his petition for a writ of mandate was denied on April 2, 1987.

## Discussion

Appellant presents several grounds for his request that the superior court's finding be reversed. He claims that no nexus was established between his off-duty conduct and his employment; that there is insufficient evidence to support the findings of immorality and failure of good behavior; and that the dismissal of appellant from his employment is too harsh a sanction.

1. Was a Sufficient Nexus Established Between a Public Act of Masturbation and Appellant's Employment as a Youth Counselor at the Youth Authority?

In *Anderson* v. *State Personnel Bd.* (1987) 194 Cal.App.3d 761 [239 Cal.Rptr. 824], the court upheld the firing of a California Highway Patrol officer for appearing on several occasions in the nude in front of neighborhood women and children. This conduct took place while the officer was in his home and back yard and after the officer had been warned about similar

prior conduct. The court held that such conduct brought discredit to the California Highway Patrol and justified termination under section 19572, subdivision (t).

In *Constancio* v. *State Personnel Bd.* (1986) 179 Cal.App.3d 980 [225 Cal.Rptr. 133], appellant, a group supervisor at the California Youth Authority's DeWitt Nelson Training Center, was arrested for driving under the influence of PCP (Veh. Code, § 23152, subd. (a)) and being under the influence of PCP (Health and Saf. Code, § 11550, subd. (a)). Appellant was convicted of the Vehicle Code offense. He had been similarly convicted two years earlier. In addition to other findings, the State Personnel Board found that such conduct constituted failure of good behavior of such a nature as to negatively reflect on his employment under section 19572, subdivision (t). The appellate court upheld that finding. *Constancio* reiterated a holding of the California Supreme Court in *Nightingale* v. *State Personnel Board* (1972) 7 Cal.3d 507, 513-514 [102 Cal.Rptr. 758, 498 P.2d 1006], rejecting the notion that the employee's misconduct must be known to the public in order to cause discredit to his agency or his employment within the meaning of section 19572, subdivision (t).

In *Parker* v. *State Personnel Bd.* (1981) 120 Cal.App.3d 84 [174 Cal.Rptr. 333], appellant, another group supervisor at the California Youth Authority's DeWitt Nelson Training Center, was found in possession of 450 grams of marijuana at his residence. At the time of Parker's administrative hearing, criminal proceedings were pending. Holding that employees in plaintiff's position have to have credibility with the wards, the appellate court upheld appellant's dismissal under section 19572, subdivision (t). Citing *Hooks* v. *State Personnel Bd.* (1980) 111 Cal.App.3d 572 [168 Cal.Rptr. 822], the court also held that such employees may be disciplined as peace officers for violating laws they are employed to enforce.

█ Appellant correctly points out that the mere finding of an off-duty act, coupled with a determination that the act falls under the definition of failure of good behavior, is not a sufficient basis for termination of employment. It must be shown that the misconduct bears some rational relationship to his employment and must be of such character that it can easily result in the impairment or disruption of the public service. (*Yancey* v. *State Personnel Bd.* (1985) 167 Cal.App.3d 478 [213 Cal.Rptr. 634].) In *Yancey*, a male correctional officer was terminated when he was found off-duty at 10 p.m. running through a school yard and wearing female underclothing. The court held that this did not bear sufficient relationship to the employee's job performance to justify termination.

Whether a male prison guard with a fondness for cavorting off-duty while wearing women's underwear can properly perform his duties is a debate we

need not join. His conduct, although strange, was not criminal. His job is to supervise adult prisoners who are undergoing punishment after having been convicted of criminal offenses. ■ One of the purposes of the Youth Authority is to rehabilitate those youths in its charge, with punishment recognized as a rehabilitative tool. (Welf. and Inst. Code, §§ 202, subd. (b), and 1700; *In re Michael D.* (1987) 188 Cal.App.3d 1392, 1396 [234 Cal.Rptr. 103]; *People* v. *Jacob* (1985) 174 Cal.App.3d 1166, 1171-1172 [220 Cal.Rptr. 520]; *In re Aaron N.* (1977) 70 Cal.App.3d 931, 938-939 [139 Cal.Rptr. 258].)

■ Rehabilitation has many facets, not the least of which is an attempt to teach that the law must be respected and obeyed. Whatever one's opinions on public masturbation, the fact is that it is prohibited by law. A youth counselor who does the very thing he is supposed to counsel against (disobedience of the law) cannot be said to be acting in the best interests of the Youth Authority or its wards. A peace officer who breaks the law he is sworn to uphold discredits himself and his employer. A finding that such conduct meets the requirements of *Yancey* is justified. A sufficient nexus is established.

2. Was There Substantial Evidence to Support the Allegations of Immorality and Failure of Good Behavior?

The State Personnel Board derives its adjudicative power from the state Constitution. (Cal. Const., art. VII, §§ 2, 3.) The determinations of an agency of constitutional origins on factual issues are entitled to all the deference and respect due a judicial decision. Accordingly, we have examined the record to determine whether there is substantial evidence to support the board's findings. We view the evidence in the light most favorable to the board's findings and indulge all reasonable inferences in support thereof. (*Washington* v. *State Personnel Bd.* (1981) 127 Cal.App.3d 636, 639-640 [179 Cal.Rptr. 637].)

■ Officers Gollas and Figueroa testified at the hearing. In essence, their testimony was that while on patrol, they entered a Lincoln Park restroom and saw appellant sitting on the toilet in one of the doorless stalls. Observing no illegal activity, they left. They returned shortly thereafter and Gollas saw appellant, seated on the same toilet, masturbating. Gollas and Figueroa arrested appellant. Appellant denied being engaged in any lewd conduct. The hearing officer resolved the conflict in the testimony against appellant.

Appellant's contention is that no finding of fact was made by the hearing officer or the State Personnel Board of a nexus between his conduct and his fitness for his employment. The hearing officer found that the incident had

occurred and, by recommending discharge, impliedly found the nexus between that behavior and appellant's fitness for his employment. The evidence was sufficient to justify those findings.

### 3. Was Dismissal Too Harsh a Sanction in This Case?

■ The administrative determination will not be disturbed absent an abuse of discretion. (*Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395, 404 [134 Cal.Rptr. 206, 556 P.2d 306].) ■ Appellant's entire service with the Youth Authority was free of discipline, until this occurrence. While the State Personnel Board might have exercised its discretion and imposed a less severe sanction, it chose not to do so. That it selected the sanction of termination, does not, in and of itself, show abuse of discretion.

As noted above, willfully breaking the law under circumstances as shown here, is entirely inconsistent with the Youth Authority's goal of rehabilitation and with the duties of a sworn peace officer. As such, it can be found to be conduct which has or is likely to have harmed the public service and which would cause discredit to the Youth Authority or to appellant's employment. "Unquestionably, the actions of a law enforcement officer must be above reproach, lest they bring discredit on the officer's employer. [Citations.]" (*Anderson* v. *State Personnel Bd., supra,* 194 Cal.App.3d at p. 769.) The State Personnel Board did not abuse its discretion in dismissing appellant from his employment.

As appellant's conduct justified his dismissal under subdivision (t) of section 19572, we need not determine whether his conduct constitutes "immorality" under subdivision (*l*) of that same section.

### DISPOSITION

The judgment (denial of appellant's petition for writ of mandate) is affirmed.

Hanson, Acting P. J., and Devich, J., concurred.