BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE CALIFORNIA COMMISSION ON TEACHER CREDENTIALING has requested an opinion on the following question:
Is the California Commission on Teacher Credentialing required to deny a credential to an applicant who has been convicted of a sex offense listed in Education Code sections 44010 and 44424 that is not specified as a "violent or serious felony," where the applicant's probation has been terminated, and the information or accusation has been dismissed, but the applicant is not eligible to seek a certificate of rehabilitation and pardon because the offense was a misdemeanor instead of a felony?
 CONCLUSION
The California Commission on Teacher Credentialing is not required to deny a credential to an applicant who has been convicted of a sex offense listed in Education Code sections 44010 and 44424 that is not specified as a "violent or serious felony," where the applicant's probation has been terminated, and the information or accusation has been dismissed, but the applicant is not eligible to seek a certificate of rehabilitation and pardon because the offense was a misdemeanor instead of a felony.
 ANALYSIS
The California Commission on Teacher Credentialing ("Commission") is a state administrative body with duties that include (1) adopting standards for the accreditation of teacher preparation programs, (2) establishing professional standards, (3) determining the scope of teacher credentials, and (4) specifying the requirements for obtaining and renewing various types of teacher credentials, certificates, and permits. (Ed. Code, § 44225; see 66 Ops.Cal.Atty.Gen. 212 (1983); 54 Ops.Cal.Atty.Gen. 257 (1971).)[1] The Commission is also responsible for denying, suspending, and revoking teacher credentials pursuant to specified procedures. (§§ 44242-44246; see 72 Ops.Cal.Atty.Gen. 159, 160 (1989); 61 Ops.Cal.Atty.Gen. 353, 363-364 (1978).)
The question presented for resolution concerns the interrelated provisions of two statutes. Section 44346 states in relevant part:
 "(a) The commission shall deny any application for the issuance of a credential or for the renewal of a credential made by any applicant who comes within any of the following classes:
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(2) Has been convicted of any sex offense, as defined in Section 44010.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(b) Notwithstanding paragraphs (2) and (3) of subdivision (a), no person shall be denied a credential solely on the basis that he or she has been convicted of a crime specified in paragraphs (2) and (3) of subdivision (a) if the person has obtained a certificate of rehabilitation and pardon pursuant to Chapter 3.5 (commencing with Section 4852.01) of Title 6 of Part 3 of the Penal Code, and if his or her probation has been terminated and the information or accusation has been dismissed pursuant to Section 1203.4 of Penal Code.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Section 44346.1 provides:
 "(a) The commission shall deny any application for the issuance of a credential made by an applicant who has been convicted of a violent or serious felony or a crime set forth in subdivision (a) of Section 44424. . . .
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(d) Notwithstanding subdivision (a), a person shall not be denied credential solely on the basis that the applicant or holder has been convicted of a violent or serious felony if the person has obtained a certificate of rehabilitation and pardon pursuant to Chapter 3.5 (commencing with Section 4852.01) of Title 6 of Part 3 of the Penal Code."
We are asked whether under the terms of sections 44346 and44346.1, the Commission is required to deny a credential to an applicant who has been convicted of a sex offense listed in sections44010 and 44424 that is not specified as a "violent or serious felony," where the applicant's probation has been terminated, and the information or accusation has been dismissed, but the applicant is not eligible to seek a certificate of rehabilitation and pardon because the offense was a misdemeanor instead of a felony.
For example, an applicant for a teacher credential has been convicted of misdemeanor statutory rape (Pen. Code, § 261.5 [unlawful sexual intercourse with a person under 18]). This sex offense is listed in both section 44010 (§ 44010, subd. (a)), and section44424 (§ 44424, subd. (a)), but it is not defined as a "violent felony" or a "serious felony" for the purposes of section44346.1(§ 44346.1, subd. (c)). The applicant's probation has been terminated and the information has been dismissed. (Pen. Code, § 1203.4.) Nonetheless, the applicant cannot obtain a certification of rehabilitation and pardon because such certification is only available to those convicted of a felony or certain misdemeanors not including statutory rape. (Pen. Code, § 4852.01.) Accordingly, the applicant for the credential has complied with all of the conditions of sections 44346 and 44346.1 except the one that is only available to those who have committed more serious or violent offenses. Must the Commission deny the application for the credential under these particular circumstances? We conclude that it need not do so.
In Newland v. Board of Governors (1977) 19 Cal.3d 705, the Supreme Court addressed a similar question. At that time, Penal Code section4852.01 specified that persons convicted of felonies, but not misdemeanors, were eligible to petition for what was then known as a certificate of rehabilitation. Without such a certificate, the Commission was required to deny an application for a community college teacher credential even though the applicant's probation had been terminated and the information or accusation dismissed. In response to the claim that the statute violated the constitutional equal protection clause because it discriminated in favor of felons and against those who had been convicted only of misdemeanors, the court observed:
 ". . . [O]ur inquiry must begin with an identification of the purpose of section 13220.16 so that we may determine whether the statutory classification denying plaintiff a community college credential rationally relates to that purpose. [Citations.] In that connection we observe that numerous decisions have established that a statute can constitutionally bar a person from practicing a lawful profession only for reasons related to his fitness or competence to practice that profession. Viewing section 13220.16 in light of that established principle, we believe that the purpose of that section is not further to punish the miscreant, but to protect the students, faculty and others who might be harmed by the employment of an unfit teacher.
 "Because a misdemeanant is not eligible to petition for a certificate of rehabilitation, the 1976 amendment works the Kafka-like perverse effect of providing that a person convicted of a felony sex crime who applies for a certificate of rehabilitation and who is otherwise fit, can obtain certification to teach in the community college system but that an otherwise fit person, convicted of a misdemeanor sex crime, is forever barred. This statutory discrimination against misdemeanants can claim no rational relationship to the protective purpose of section 13220.16. This amendment stands as a legislative recognition that many of the persons barred for life under the unamended version of section 13220.16 were fit to teach. The Legislature could not possibly or sensibly have concluded that misdemeanants, as opposed to felons, constitute a class of particularly incorrigible offenders who are beyond hope of rehabilitation.
 "The unavailability of certificates of rehabilitation to misdemeanants probably stems from the fact that such certificates served primarily to restore civil rights to those who, having been convicted of felonies, had lost those rights (see former Pen. Code, § 2600); conviction of a misdemeanor entailed no loss of civil rights. Thus the Legislature's insistence in amended section 13220.16 states that all persons seeking relief under subdivision (b) of that statute apply for certificates of rehabilitation may simply be a case of legislative — oversight a failure to realize that this requirement would block any relief to a misdemeanant. But whether the result of oversight or intention, the statutory classification discriminating against misdemeanants, lacking a rational relationship to the legislative goals, denies misdemeanants the equal protection of the law." (Id., at pp. 711-712; fns. omitted.)
The current terms of section 44346 closely track the provisions of the statute considered in Newland. Here, we are given that the applicant's "probation has been terminated and the information or accusation has been dismissed pursuant to Section 1203.4 of the Penal Code." (§ 44346, subd. (b).) As in Newland, it would constitute a violation of the constitutional equal protection clause to discriminate against those convicted of misdemeanors by denying them teacher credentials simply because they are unable to obtain a certificate of rehabilitation and pardon that is available to those convicted of felonies.
Accordingly, under the terms of section 44346, the Commission is not required to deny a credential to an applicant who has been convicted of a sex offense listed in section 44010 if the person's probation has been terminated and the information or accusation has been dismissed, even though the applicant has not obtained a certificate of rehabilitation and pardon because the offense was a misdemeanor instead of a felony.
As for the provisions of section 44346.1, they, like the related provisions of section 44346, must be construed in light of the Newland decision. "[W]e interpret a statute in context, examining other legislation on the same subject, to determine the Legislature's probable intent. [Citations.]" (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 642.) "`Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.'" (Woods v. Young (1991)53 Cal.3d 315, 323.) "[I]t is presumed the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences. [Citations.]" (Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142, 1165.)
Applying the rationale of the Newland decision, we find that in construing the terms of section 44346.1, it would be unconstitutional to discriminate against those convicted of misdemeanors by denying them teacher credentials simply because they are unable to obtain a certificate of rehabilitation and pardon that is available to those convicted of felonies. Similar to the provisions of section44346, this certificate qualification must be found to be inapplicable where the applicant was convicted of a crime set forth in subdivision (a) of section 44424, the crime was not a violent or serious felony, but the applicant is not eligible to seek a certificate of rehabilitation and pardon because the offense was a misdemeanor instead of a felony.
In answer to the question presented, therefore, we conclude that the Commission is not required to deny a credential to an applicant who has been convicted of a sex offense listed in sections 44010 and44424 that is not specified as a "violent or serious felony," where the applicant's probation has been terminated, and the information or accusation has been dismissed, but the applicant is not eligible to seek a certificate of rehabilitation and pardon because the offense was a misdemeanor instead of a felony.
[1] All references hereafter to the Education Code are by section number only.