Filed 12/9/22 P. v. Garrett CA4/2
*See concurring opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077770 |
| v. | (Super.Ct.No. FELRS21000004) |
| PAUL GARRETT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Katrina West, Judge. Reversed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Paul Garrett appeals from a trial court's denial of his petition for a certificate of rehabilitation and pardon under Penal Code[1] section 4852.01.[2] He concedes that the court correctly concluded he was statutorily ineligible for the certificate of rehabilitation, but argues that the interaction between sections 4852.01 and 1203.4, which excludes him from relief, violates his right to equal protection. We agree and reverse.

## PROCEDURAL BACKGROUND

On April 12, 2021, defendant filed a petition for certificate of rehabilitation and pardon pursuant to section 4852.01. The petition alleged that on or about June 12, 2000, he was convicted of misdemeanor possession of obscene matter involving a minor (§ 311.11, subd. (a)) and felony distribution of obscene matter involving a minor to a minor (§ 311.2, subd. (d)). Defendant alleged that he was placed on probation and completed his probation on June 12, 2005. He also filed an equal protection motion in support of his petition for a certificate of rehabilitation and pardon. He explained that he pled guilty to violating sections 311.11 and 311.2 pursuant to a plea agreement and was placed on probation for five years, and he had since "lived an honest and upright life."

_____

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] The preprinted form petition for a certificate of rehabilitation refers to sections 4852.01 and 4852.06. Section 4852.06 specifies further requirements to be eligible for a certificate of rehabilitation that are not relevant to this appeal. Thus, for the sake of simplicity, this opinion will simply refer to section 4852.01.

2

Defendant asserted that he could obtain a certificate of rehabilitation and pardon only after having had his convictions dismissed pursuant to section 1203.4. However, a 2013 amendment to section 1203.4 excluded various sex offenses, including his, from being dismissed. Meanwhile, persons who were sentenced to prison for the same offenses were eligible to obtain a certificate of rehabilitation and pardon. Defendant argued this unequal treatment violated his equal protection rights.

At a hearing on September 17, 2021, the trial court denied defendant's petition, stating: "I have taken a very careful look at this case and the issues that are presented, including the equal protection argument. And I have reviewed similar cases. I can't find any that are directly on point, because the law changed so recently, in July of 2021.[3] Based on my reading of the law, I have no discretion to grant the relief sought. So I'm going to deny the petition, encourage counsel to take the matter up to the Court of Appeal to address the equal protection argument."

Defendant filed a timely notice of appeal.

## DISCUSSION

### Excluding Defendant from Obtaining a Certificate of Rehabilitation and Pardon Violates His Right to Equal Protection

Defendant argues that excluding him from obtaining a certificate of rehabilitation and pardon, pursuant to sections 4852.01 and 1203.4, violates his right to equal protection. He states that because his convictions under sections 311.11 and 311.2 cannot

---

**3** It is unclear what changes to the law the court was referring to since the court was not specific.

3

be dismissed under section 1203.4, he cannot obtain a certificate of rehabilitation and pardon under section 4852.01. He contends he is similarly situated to former prisoners convicted of the same offenses, who are eligible for relief under section 4852.01, subdivision (a), and there is no "apparent benefit to the state from a statutory regime that singles out less culpable individuals for harsher treatment." We agree that excluding probationers convicted of the same offenses as prisoners from eligibility for a certificate of rehabilitation and pardon violates equal protection where the probationers successfully completed probation and have lived a crime-free life since their conviction.

A. *Relevant Law*

Section 4852.01, subdivision (a), provides: "A person convicted of a felony who is committed to a state prison or other institution or agency, including commitment to a county jail . . . may file a petition for a certificate of rehabilitation and pardon pursuant to the provisions of this chapter." Subdivision (b) states: "A person convicted of a felony or a person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon . . . ." (§ 4852.01, subd. (b).)

Section 1203.4 "allows former probationers to move for their conviction to be dismissed upon successful completion of probation terms." (*People v. Chatman* (2018) 4 Cal.5th 277, 282 (*Chatman*).) "[F]elons for whom 'the accusatory pleading' of the underlying felony conviction 'has been dismissed pursuant to Section 1203.4' are eligible only if they (1) have 'not been incarcerated in a prison, jail, detention facility, or other

4

penal institution or agency since the dismissal of the accusatory pleading'; (2) '[are] not on probation for the commission of any other felony'; and (3) 'present[] satisfactory evidence of five years' residence in this state prior to the filing of the petition.' " (*Chatman*, at p. 286; see § 4852.01, subd. (b).)

Section 1203.4 does not apply to specified offenses, including offenses relating to child pornography—§§ 311.1, 311.2, 311.3, and 311.11. (§ 1203.4, subd. (b).) Thus, former probationers convicted of these offenses cannot obtain relief under section 4852.01 since they cannot meet subdivision (b)'s requirement that their accusatory pleading be dismissed under section 1203.4.

B. *There is No Rational Basis for the Disparate Treatment of Former Prisoners and Former Probationers Under Sections 4852.01 and 1203.4*

"Both the state and federal Constitutions extend to persons the equal protection of law." (*Chatman*, *supra*, 4 Cal.5th at p. 287.) "At core, the requirement of equal protection ensures that the government does not treat a group of people unequally without some justification." (*Id*. at p. 288.) "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner . . . for purposes of the law challenged." (*People v. Moreno* (2014) 231 Cal.App.4th 934, 941.) " 'In other words, we ask at the threshold whether two classes that are different in some respects are sufficiently similar with respect to the laws in question to require the government to justify its differential treatment of these classes under those laws.' " (*People v. Foster* (2019) 7 Cal.5th 1202, 1212 (*Foster*).) " 'The next step of an equal protection analysis

5

asks whether the disparate treatment of two similarly situated groups is justified by a constitutionally sufficient state interest.' " (*People v. Hardin* (2022) 84 Cal.App.5th 273, 283.) "When an equal protection case does not involve a suspect classification such as race and does not infringe on a fundamental right, the legislative classification will be upheld whenever it has a rational relationship to a legitimate state interest." (*People v. Parker* (2006) 141 Cal.App.4th 1297, 1309.)

*1. Former Prisoners and Former Probationers Convicted of Sections 311.2 and 311.11 are Similarly Situated for Purposes of Section 4852.01 and 1203.4*

Defendant was convicted of felony distribution of obscene matter of a minor to a minor (§ 311.2, subd. (d)) and misdemeanor possession of matter depicting a minor under the age of 14 in sexual acts (§ 311.11, subd. (a)), and he was placed on probation. Since he was convicted of these offenses, his accusatory pleading cannot be dismissed under section 1203.4, as these offenses are specifically excluded from such relief. (§ 1203.4, subd. (b).) Since defendant's accusatory pleading cannot be dismissed, he cannot obtain a certificate of rehabilitation and pardon under section 4852.01, subdivision (b). Defendant contends he is similarly situated to former prisoners convicted of the same offenses, who are eligible for relief under section 4852.01, subdivision (a). We agree that former probationers and former prisoners convicted of the same offenses are similarly situated for purposes of obtaining a certificate of rehabilitation and pardon. (See *Foster*, *supra*, 7 Cal.5th at p. 1212 ["two classes that are different in some respects" must be "sufficiently similar with respect to the laws in question"].)

6

Respondent claims that the two groups "are not similarly situated when it comes to offenses involving child pornography." Respondent asserts that computers or other digital media devices are commonly used in these offenses, and "as a result of their conditions of confinement, it can be more readily verified that prisoners did not possess child pornography while incarcerated" since they do not typically have "access to computers or other digital media devices." Respondent asserts that the same cannot be said of probationers, who continue to have access to computers and child pornography. However, as defendant points out, an individual convicted of sex offenses may apply for a certificate of rehabilitation and pardon only after demonstrating rehabilitation for a period of five years after being released from custody. (§ 4852.03, subds. (a) & (b).) Thus, at the time a former prisoner could apply for a certificate of rehabilitation and pardon, he would not be subject to the "conditions of confinement" (i.e., no access to computers) that respondent claims; rather, he would be in the same position as a former probationer. The former prisoner would have been able to access child pornography with the same ease as the probationer during this five-year waiting period.

2. *There is No Rational Basis for the Unequal Treatment of Former Probationers and Former Prisoners*

"A classification in a statute is presumed rational until the challenger shows that no rational basis for the unequal treatment is reasonably conceivable." (*Chatman*, *supra*, 4 Cal.5th at p. 289.) Here, there is no rational basis for the unequal treatment of former probationers and prisoners. The effect of the differential treatment is to allow former prisoners, who presumably committed more serious crimes and were more culpable, to

7

obtain certificates of rehabilitation and pardon, while those less culpable who were placed on probation are denied the same relief. For example, a person who possessed 50,000 images of child pornography and was sentenced to prison would be eligible for relief, while a less culpable person who possessed 50 images and was placed on probation would not be eligible for relief. Allowing a former prisoner to obtain a certificate of rehabilitation and pardon, pursuant to sections 4852.01 and 1203.4, while excluding a former probationer from obtaining such relief, is "devoid of any conceivable degree of coherent justification." (*Chatman*, at p. 291.)

Respondent maintains there is a rational basis for treating former prisoners and probationers, as it relates to these crimes, unequally. Respondent again states that child pornography crimes such as section 311.11 and 311.2 generally involve the use of computers and other media devices that are not permitted in prison, but are available to persons on probation. Respondent argues that is impossible to verify whether a probationer has been rehabilitated, since he "could have easily continued to commit the convicted offense while on probation, unlike a prisoner convicted of the same offense." However, as explained *ante*, an individual must demonstrate rehabilitation for five years after being released from custody before applying for a certificate of rehabilitation and pardon. (§ 4852.03, subds. (a) & (b).) Thus, respondent's reasoning that former prisoners were "offense-free" while in prison, while former probationers "could have" continued to offend since they had access to computers, is not a valid distinction. It therefore does not provide a rational basis for treating these two groups unequally with respect to obtaining a certificate of rehabilitation and pardon.

8

Respondent further contends that it was rational for the Legislature to exclude probationers from obtaining a certificate of rehabilitation and pardon based on the significant costs associated with these petitions. Respondent relies upon *Chatman* in support of this claim; however, *Chatman* is distinguishable. In that case, the California Supreme Court addressed whether section 4852.01 violated the equal protection clause because, while former probationers and former prisoners were both eligible for certificates of rehabilitation, former probationers could not receive a certificate if they were subsequently incarcerated, whereas former prisoners did not have such restriction. The court assumed without deciding former prisoners and former probationers were similarly situated and focused on "the more fundamental question of whether section 4852.01's unequal treatment of the groups bears a rational relationship to a legitimate state purpose." (*Chatman, supra*, 4 Cal.5th at p. 290.) The court first noted the process of seeking and obtaining a certificate of rehabilitation "involves the expenditure of significant judicial and executive branch resources." (*Ibid*.) It then found that "[p]reserving the government's financial integrity and resources is a legitimate state interest." (*Ibid.*) Thus, the question was "whether the classification at issue in this case, which bars subsequently incarcerated former probationers from certificate of rehabilitation relief, [was] a rational means of preserving government resources." (*Id*. at p. 291.)

The Supreme Court concluded that it was a rational means, stating "[t]he Legislature has chosen to extend certificate of rehabilitation relief to only a subset of former probationers based on rational distinctions between subsequently incarcerated

9

former probationers and other convicted felons." (*Chatman, supra*, 4 Cal.5th at p. 291.) Notably, our Supreme Court explained that former prisoners have a higher need for relief than former probationers because former probationers "have a right to dismissal of their conviction under section 1203.4," which "provides at least some relief from the consequences of conviction." (*Ibid.*) It was significant to the court that former probationers still had some access to relief. We note that here relief under 1203.4 is not available to former probationers when they are convicted of sections 311.11 and 311.2, even when they successfully complete probation and are not subsequently reincarcerated. (§ 1203.4, subd. (b).) We find compelling this distinction between the situation we are confronted with in this case and *Chatman.*

The *Chatman* court also noted certificates of rehabilitation were originally only provided to former prisoners, but the Legislature later "extended access to certificates of rehabilitation to former probationers, but only those who [were] not subsequently incarcerated." (*Chatman, supra,* 4 Cal.5th at p. 292.) The court explained that "[t]he cost associated with the Legislature's decision to extend the benefit of certificates of rehabilitation to an entirely new group of convicted felons rationally could have driven a decision limiting the expansion of the benefit to only a subset of former probationers—*a subset at least marginally more likely to achieve rehabilitation*." (*Ibid.*) Unlike in *Chatman*, the statutory scheme at issue here does not make a distinction for those "more likely to achieve rehabilitation" (i.e., those not subsequently incarcerated). Under section 1203.4, *all* probationers with section 311.11 or 311.2 convictions are excluded from relief. (§ 1203.4, subd. (b).) We further note that defendant was "at least marginally

10

more likely to achieve rehabilitation" than a former prisoner, since he was presumably less culpable, as a probationer, and he was not subsequently incarcerated.

Moreover, we observe that, in *Chatman*, the Supreme Court stated "[t]he unequal treatment challenged in this case begins only if a felon reoffends after completing his or her probation," and "[a]t that point, the Legislature has a rational basis" to treat probationers differently than former prisoners. (*Chatman*, *supra*, 4 Cal.5th at p. 297.) The court emphasized that Chatman "had the very same eligibility as other felons" up until he was reincarcerated. (*Id.* at p. 296.)

In contrast, the unequal treatment challenged in the instant case began when defendant received probation, rather than prison time. In other words, under the statutory scheme at issue, defendant would have been eligible for a certificate of rehabilitation and pardon if he had simply received a prison sentence, rather than probation. This irrational distinction cannot be constitutionally justified. The exclusion of individuals from eligibility for a certificate of rehabilitation and pardon simply because they serve probation rather than a prison term is devoid of any coherent justification; further, it does not pass rational basis review merely because it preserves government costs and resources. (*Chatman*, *supra*, 4 Cal.5th at p. at p. 291 [a decision "to withhold a benefit from one subset of people, devoid of any conceivable degree of coherent justification, might not pass rational basis review merely because it decreases the expenditure of resources"].)

We conclude the unequal treatment of former prisoners and former probationers convicted of the specified child pornography offenses does not withstand rational basis

11

scrutiny. Defendant cannot be rationally excluded from eligibility for a certificate of rehabilitation and pardon for the sole reason that he was less culpable and granted probation rather more culpable and sentenced to prison. Accordingly, we hold the court's denial of his petition violated equal protection.

## DISPOSITION

The order denying defendant's petition for a certificate of rehabilitation and pardon is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

CODRINGTON _____
Acting P. J.

RAPHAEL _____
J.

12

[*People v. Garrett*, E077770]

RAPHAEL, J., Concurring.

I join the opinion in full. Defendant-Appellant Paul Garrett would be eligible to seek a certificate of rehabilitation and pardon under Penal Code section 4852.01 had he received a *prison* sentence for his offense. But solely because he received a sentence of *probation*, he is forever ineligible. This distinction—the result of the operation of a combination of statutes that our Legislature may never have contemplated—lacks a rational basis. There is no reasonable justification for denying Garrett eligibility for a certificate solely because his sentence was too light.

I write to suggest that our Supreme Court's opinion in *Newland v. Board of Governors* (1977) 19 Cal.3d 705 (*Newland*) provides the most direct support for our conclusion. In that case, William Newland was denied a community college teaching credential for the sole reason that he was subject to a statutory bar for having sustained a *misdemeanor* conviction for soliciting sex. He would have been eligible for the credential if he obtained a certificate of rehabilitation under section 4852.01. But such certificates are available only to felons, not to misdemeanants.

Our Supreme Court described it as a "Kafka-like perverse effect" that a person convicted of a *felony* sex crime could potentially obtain a certificate of rehabilitation and teach at a community college, yet a person convicted of a *misdemeanor* sex crime was "forever barred." (*Newland*, *supra*, 19 Cal.3d at p. 712.) That classification had "no rational relationship" to any policy because the Legislature "could not possibly or sensibly have concluded that misdemeanants, as opposed to felons, constitute a class of

particularly incorrigible offenders who are beyond hope of rehabilitation." (*Ibid*.) Garrett is subject to a similar effect as in *Newland*, where the Attorney General did not even attempt to defend the statutory classification. (*Id*. at p. 713.)

Our Supreme Court's discussion of *Newland* in *People v. Chatman* (2018) 4 Cal.5th 277, 295 (*Chatman*) only underscores that the simple logic of *Newland* continues to be good law, and that it applies here. *Chatman* involved not the class of probationers, but the class of probationers *who had reoffended*. Thus, *Chatman* explained it differed from *Newland* for that reason: "[w]hereas Newland could have obtained a teaching credential if he had simply been convicted of a felony, not a misdemeanor—in other words, if he had been convicted of a more serious offense—Chatman's ineligibility reflects his own response to the unique opportunities he received after he was sentenced to probation." (*Chatman*, *supra*, 19 Cal.3d at p. 296.)

Accordingly, *Chatman* reaffirmed *Newland* by reasoning that "[t]he unequal treatment challenged in this case begins only if a felon reoffends after completing his or her probation. *At that point*, the Legislature has a rational basis to conclude that resources are better allocated to former prisoners than former probationers." (*Chatman*, *supra*, 19 Cal.3d at p. 297 [emphasis added].) Here, as in *Newland*, the unequal treatment begins immediately when a defendant is sentenced to probation, rather than prison, and continues even without any subsequent events of the sort *Chatman* says can provide a rational basis to treat probationers more harshly than prisoners.

RAPHAEL      
J.

2